LEVIN v. HESSBERG.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. MECHANICS' LIENS (§ 157*)—NOTICE—STATUTORY REQUIREMENTS.

A mechanic's lien notice, which does not comply with the statute defining the requisites of notice, is fatally defective, and a judgment foreclosing the lien cannot stand, as an equitable action depends on a valid lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–274; Dec. Dig. § 157.*]

2. CONTRACTS (§ 319*)—PERSONAL JUDGMENT—EVIDENCE.

Where a contractor for the repair of damages by a fire at an agreed price admitted that the contract was not completed, and showed the value of the work not done, and subtracted the sum from the contract price, a judgment for the contractor was unauthorized.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1493–1507; Dec. Dig. § 319.*]

Appeal from Special Term, New York County.

Action by Morris Levin against Frances Hessberg. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lewis H. Levin, for appellant.
Warren McConihe, for respondent.

CLARKE, J. This is an action to foreclose a mechanic's lien, and resulted in a judgment in favor of plaintiff for the sum of $975. The notice filed was not a valid lien. "Under the statute any notice of lien must state, either explicitly or by plain inference, the value or the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreed price of the labor performed or materials furnished at the time of filing thereof." Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. The notice at bar did not comply with this requirement. An equitable action depends upon a valid lien. That not existing, this judgment cannot be sustained.

Nor can a personal judgment be directed upon this record. Plaintiff and defendant entered into an agreement in writing, under which the plaintiff was to repair the damages caused by fire to the defendant's property for the agreed price of $2,600. It was admitted that the contract was not completed. Instead of proving the value of the work and materials actually furnished, the plaintiff undertook to prove his case by testimony of the value of the work not done, which he claimed to amount to $350, and subtracting that from the contract price of $2,600. The court found the value of the work not done to be $625, and, subtracting that and the conceded payment of $1,000 from the contract price, found the sum of $975 was due. There is a good deal of conflicting evidence as to what the plaintiff did do, and as to its condition when he ceased work. We are satisfied that a personal judgment could not be sustained upon this record.

It follows, therefore, that the judgment appealed from should be reversed, and a new trial ordered, to proceed as an action in personam, with costs to the appellant to abide the event. All concur.