### RILEY v. DURFEY et al.

(Supreme Court, Appellate Division, Second Department. June 16. 1911.)

1. MECHANICS' LIENS (§ 139*)—STATEMENT—REQUISITES.

　　Statement alleging that the work was begun October 29, 1908, and ended March 31, 1909, and that the labor performed and to be performed, and the materials furnished and to be furnished, and the furnishing of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sand and gravel used in the erection of certain stores, was for the agreed price and value of $1,586.56, was fatally defective for failure to show that the materials and labor had been supplied.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

2. MECHANICS' LIENS (§ 147*)—NOTICE—CONTENTS.

A notice of mechanic's lien should contain a statement of the whole amount of the contract, the agreed price, the proportion of the contract which has been performed, and the portion still to be performed, the amount which has been earned, the sum which has been paid on account, the amount due and unpaid when the notice was filed, and the amount which will be due when the contract was wholly completed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 253; Dec. Dig. § 147.*]

3. MECHANICS' LIENS (§ 139*)—NOTICE—SUFFICIENCY.

A notice of mechanic's lien stated the full amount of the claimant's contract, and alleged that the work began October 29, 1908, and ended March 31, 1909. It was further stated that the amount unpaid to the lienor for "such labor and materials" was $456.56, and nowhere stated that all of the work and materials had been furnished. *Held*, that the notice of lien was fatally defective for failure to show the delivery of materials, or that the buildings had been completed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

4. STIPULATIONS (§ 18*)—CONSTRUCTION.

In a suit to foreclose a mechanic's lien, a stipulation that the "work, labor, and services" for which plaintiff claimed a lien was done and performed to the satisfaction of the owners and contractors had no application to plaintiff's contract to furnish materials, and did not therefore cure a defect in the notice for failure to show that plaintiff had furnished materials, or that all of the labor and materials contemplated by his contract had been made use of by the owners.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41–54; Dec. Dig. § 18.*]

Appeal from Special Term, Kings County.

Action by William F. Riley against William J. Durfey and others. From a judgment denying foreclosure of a mechanic's lien, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Edmund T. Oldham, for appellant.

Claude V. Pallister, for respondent Staines, Bunn & Taber Co.

George E. Brower, for respondent John S. Loomis Co.

Jerome H. Koehler (G. Sidney Leach, on the brief), for respondent Durhan.

WOODWARD, J. The plaintiff instituted the above-entitled action to foreclose a mechanic's lien. Patrick J. Egan was the general contractor and William J. Durfey and Lucretia D. Ash were the owners of the premises, the remaining parties defendant being lienors subsequent to the plaintiff. It was stipulated that the amount due from the owners was $825, "and that the said sum of eight hundred and twenty-five dollars is applicable to the payment of the mechanic's liens filed by the plaintiffs and defendants lienors above

named which may be adjudged valid," etc. It was also "conceded by all parties appearing on the trial of this action that the work, labor, and services for which a claim against the defendant Patrick J. Egan, and an alleged lien filed by them respectively against the property of the owners, the defendants Durfey and Ash, was done and performed to the satisfaction of the owners and contractor," so that it would appear from the stipulations that the question of the validity of the several liens was left open to the determination of the court as between the plaintiff and the several lienors. It was upon this theory that the court at Special Term acted, and this was the only question which was, by the stipulations, left open. The court has found that the lien filed by the plaintiff was invalid, and has directed the apportionment among the several defendant lienors, the plaintiff appealing.

The ground of the decision of the court against the lien of the plaintiff is that the petition alleged, in the alternative, that "the labor performed and to be performed, and the materials furnished and to be furnished, excavation for cellars and the furnishing of sand and gravel used in the erection of certain stores * * * Flatbush avenue, Brooklyn, and the agreed price and value thereof is fifteen hundred and eighty-six $56/100$ dollars," and that this failed to comply with the requirements of the law, as laid down in Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. There can be no serious question that, if this was all that the notice contained, it would be fatally defective. Felgenhauer v. Haas, 123 App. Div. 75, 77, 108 N. Y. Supp. 476. The notice, however, contained these additional averments: That "the amount unpaid to the lienor for such labor and materials is four hundred and fifty-six $56/100$ dollars," and that the "time when the first and last items of work were performed and materials furnished, is work began Oct. 29, 1908, ended March 31st, 1909." There is not, as in Felgenhauer v. Haas, supra, any allegation that the work and materials was "actually used and employed in the erection of buildings," etc. The most that can be spelled out of the averments of the complaint is that the "labor performed and to be performed, and the materials furnished and to be furnished," is of the "agreed price and value" of $1,586.56, and that the "amount unpaid to the lienor for such labor and materials is" $456.56. There is not in the averment that "the time when the first and last items of work were performed and materials furnished is work began October 29, 1908, ended March 31, 1909," any statement of the material fact that all of the work had been performed and all of the materials furnished, which went to make up the agreed value of $1,586.56. This, we apprehend, is the real requirement of the statute; that it shall state the fact to be that so much of labor has been performed, or so much of material has been furnished for the work in question; and that a certain amount remains unpaid, and while the statute is to be liberally construed, where there is a failure to set out these facts in plain language, or by fair and necessary inference, the notice of lien is fatally defective, and gives rise to no cause of action to foreclose the lien.

[1] It is probably true that a statement that work and materials to a given amount had been performed and supplied would answer the requirements without a separation of the items, but we find no authority which holds that, where there is a failure to show that the materials and labor have been supplied, a lien attaches. The statute contemplates that work and materials may be furnished subsequent to the filing of the lien.

[2] It is proper, therefore, that the notice should contain the whole amount of the contract, the agreed price, the proportion which has been performed, the portion still to be performed, the amount which has been earned, the sum which has been paid on account, the amount due and unpaid when the notice was filed, and the amount which will be due when the contract is wholly completed. Hurley v. Tucker, 128 App. Div. 580, 585, 112 N. Y. Supp. 980.

[3] In the case now under consideration, the plaintiff states the full amount of his contract, states that "work began Oct. 29, 1908, ended March 31st, 1909," but he nowhere states that all of the work and materials have been furnished. He simply says that "the amount unpaid to the lienor for such labor and materials is $456.56," but this refers to the "labor performed and to be performed, and the materials furnished and to be furnished," and, so far as the notice shows, only an insignificant portion of the labor and materials may have been furnished. Indeed, there is no positive averment that any of the materials have been furnished, for he merely says that the "time when the first and last items of work were performed and materials furnished is work began October 29, 1908, ended March 31, 1909," without the slightest reference to the furnishing of any materials whatever, though it appears he was to furnish "sand and gravel used in the erection of certain stores," and it is not even alleged that such stores have been completed.

[4] This is a statutory matter, and, while the statute is to be liberally construed, we believe that no case will be found where the averments of the petition have been permitted to be helped out by evidence upon the trial. Indeed, appellant concedes that this cannot be done, but he urges that the stipulation of the parties "that the work, labor, and services for which a claim against the defendant Patrick J. Egan, and an alleged lien filed by them respectively against the property of the owners, the defendants Durfey and Ash, was done and performed to the satisfaction of the owners and contractors," operated to supply the failure to aver that the work had been completed. It is to be observed, however, that the stipulation makes no reference whatever to materials furnished. It merely has reference to the "work, labor and services," which "was done and performed to the satisfaction of the owners," etc., but this is far from showing that the plaintiff had furnished any materials, or that all of the labor and materials contemplated by his contract had been made use of by the defendant owners.

The judgment appealed from should be affirmed, with costs, the costs to be paid by appellant personally, as the fund is not sufficient to fully pay all of the claims which rest upon valid liens. All concur.