(152 App. Div. 718.)

FANNING et al. v. BELLE TERRE ESTATES, Inc., et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1912.)

1. VENDOR AND PURCHASER (§ 229*)—BONA FIDE PURCHASER—NOTICE.

A purchaser, to take land subject to liens, must be aware of the liens; and mere knowledge of an indebtedness, that may ripen into liens if the land be unconveyed, is insufficient.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 477–494;  Dec. Dig. § 229.*]

2. MECHANICS' LIENS (§ 64*)—CONSENT OF OWNER.

The fact that two corporations have certain officers and offices in common, and are each interested in the development of a tract of land, does not make them identical, so as to render a contract of sale, made by one of them, calling for the erection by the purchaser of buildings on the land, a consent of the other, a subsequent purchaser, to the improvement, which will subject its interest in the land to a mechanic's lien for the improvement.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 81; Dec. Dig. § 64.*]

3. MORTGAGES (§ 151*)—PURCHASE-MONEY MORTGAGE—MECHANIC'S LIEN— PRIORITIES.

A corporation conveyed land to a grantee, who gave a mortgage for part of the price and agreed to erect buildings on the premises.   He began work, but did not complete it, and, to finance the undertaking, he conveyed the premises and finally they passed to a distinct corporation, subject to the original purchase-money mortgage and other mortgages placed thereon at the instance of the grantee.  *Held* that, under Laws 1897, c. 418, § 3, giving contractors, subcontractors, laborers, and materialmen liens, liens for the work and materials were not superior to the purchase-money mortgage, especially where the lienors filed liens only against the interest of the grantee, though stating that the corporation finally acquiring the title acquired the interest of the grantee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307–329, 332–336, 358–370;  Dec. Dig. § 151.*]

4. MECHANICS' LIENS (§ 122*)—NOTICE OF LIEN—AGREED PRICE FOR MATERIALS.

A notice of a lien for materials, under Laws 1897, c. 418, giving a lien for materials, which does not state the agreed price for the materials, but only states the amount unpaid as the agreed price, is defective.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 165–170;  Dec. Dig. § 122.*]

5. MECHANICS' LIENS (§ 122*)—NOTICE OF LIEN—AGREED PRICE FOR MATERIALS.

A notice of a lien for labor and materials under Laws 1897, c. 418, which fails to describe the labor or materials, and which merely states the amount claimed for materials and the amount claimed for labor, is defective.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 165–170;  Dec. Dig. § 122.*]

6. MECHANICS' LIENS (§ 124*)—NOTICE OF LIENS—CURING DEFECTS.

A defect in a notice of lien under Laws 1897, c. 418, arising from the failure to give the agreed price for the materials or to describe the labor or materials, is not cured by the fact that the owner knew what the work was and what materials were furnished.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 124.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Suffolk County.

Action by Orange T. Fanning and another against the Belle Terre Estates, Incorporated, and others to enforce mechanics' liens. From a judgment for plaintiffs and the defendant lien claimant, the defendant named and others appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Frederick H. Sanborn, of New York City (Willard N. Baylis, of New York City, on the brief), for appellants.

Thomas J. Ritch, Jr., of Port Jefferson, for respondents.

THOMAS, J. The Suburban Construction Company received from the Belle Terre Development Company a deed of land, dated July 29 and recorded July 30, 1909. On the following August 4th, plaintiffs and the defendant Yarrington severally filed notices of lien, and on August 6th they filed supplementary notices. This action is to foreclose the liens, and to have the interests of the Construction Company and the Belle Terre Estates in the land sold, and so it has been adjudged. The Development Company, having the title, gave the Dean Alvord Company an option to purchase; but, upon that company declining, the Construction Company was substituted by consent. The option agreement required the payment of $15,000 in cash, and that the conveyance should be subject to mortgage liens, not exceeding a sum named.

It is alleged in the complaint, and is for some purpose here argued by respondent, that in addition the vendee agreed to pay the present alleged lienors. But any attempt to enforce such promise is waived by stipulation, although the allegation is preserved to show fraud, and there is no evidence whatever that any indebtedness entered into the consideration, save as enumerated in the option agreement. The purchaser wished to be informed as to the incumbrances, and, upon Hughes mentioning outstanding indebtedness, was told by Mr. Baylis that he wished only the mortgage indebtedness. Mr. Baylis, acting for the vendee, did not promise to pay the claims, and although Hughes showed Meyers, the broker, a statement of indebtedness that included the present creditors, I find no trace of an agreement on the part of the vendee to pay them. Indeed, the finding is that the vendee paid to Hughes the "full amount stipulated to be paid." The groundless contention that there was a promise to pay the plaintiffs and Yarrington may be dismissed.

[1] The respondents urge, and their contention seems to have some support in the findings, that the conveyance to the Construction Company is subject to the liens, because the vendee, knowing of the debt, took the title. If this means that a person cannot purchase with knowledge of indebtedness that may ripen into a lien, if the land be unconveyed, there is no justification for it. The purchaser must beware of the lien, but not of the debt.

[2] To what, then, is the question here reduced, if not to this: Did the vendee consent to the deliveries upon which the liens are

based? The court has found that the vendee is the Belle Terre Estates in another form. But how did that company consent? It sold to Hughes upon an agreement whereby he should within a time limited build six houses. The vendors advanced no money for the houses. The vendee began the work, received the deed earlier than the contract provided, but never completed the buildings. For the purpose of financing the undertaking, Hughes conveyed to his father, who conveyed to the Belle Terre Development Company, a corporation controlled by Hughes, and that company finally conveyed to the Suburban Construction Company. The plaintiff's position is that the Suburban Company is so identified with the Belle Terre Estates that the latter has reacquired the property, and that, as by its contract it obligated Hughes to build on the property, it thereby consented that its land should be subjected to any lien arising therefor. I regard both positions as quite untenable. There is nothing to identify the last purchaser with the first seller, save the fact that they had certain officers and offices in common, and were each interested in the development of the territory of which the lots were a part.

[3] Hughes, after ample aid and forbearance from his grantor, made a failure of the project, and the Suburban Company took the property subject to mortgages that had originally been a lien on it and others placed there at his instance, and paid him in cash more than enough to meet all indebtedness to materialmen. It has been found that the property was worth much more than Hughes received, but that is based upon his general statement of its value, which cannot be readily approved. In any case Hughes sought the purchaser, and was not importuned, much less constrained, by it, and received all that he asked. This action is merely to foreclose liens, and I consider that the statute does not subject a vendor's land to liens, where he sells lots and insists that the vendee shall use them for their proper purposes and build thereon houses of a prescribed kind within a time fixed. The sale of real estate with insistence upon adaptation to building purposes gives no priority to liens as against the vendor's interest.

The present proposition is that a sale to Hughes with stipulation for building houses was a consent that made liens for material and labor effective against the vendor, although Hughes, after conveyance to his father and another, finally procured a sale to a distinct corporation, whose officers and affairs were related to the original vendor. To facilitate Hughes' performance, the vendor stipulated to give him possession under a lease upon receiving a bond; but he gave no bond, and apparently entered upon the land under his contract, and later received a deed giving back a mortgage for part of the purchase money. The work was done in part before the deed was received. The contract made Hughes the equitable owner, and upon his death intestate the land would have gone to his heirs as realty, while the contract would be personal property. The vendor did not consent that the improvements be placed on its land, but upon that of the purchaser.

The respondents' contention seems to be this: That a lien effective against Hughes would underlie the property interests of his grantor. If so, it would subordinate the purchase-money mortgage that Hughes gave back for part of the purchase price. The statute (Laws 1897, c. 418, § 3) provides that:

"A contractor, subcontractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or his agent, contractor or subcontractor, shall have a lien," etc.

As stated, the Belle Terre Estates was not consenting that the material be furnished to it as owner of the land, but to Hughes as the purchaser, and so it was furnished. The lienors did not regard the Estates as the owner at any time, nor did they, when the notice of lien was filed, seek to bind its interests, upon the theory of consent or otherwise. The liens were not filed against any interest save that of Hughes, although the supplementary notice states that the "Suburban Construction Company is said to have acquired the interest of said Hughes within a short time." It is under such notice that a lien against the interest of the Construction Company is asserted, upon the theory, as I understand, that such company is the Belle Terre Estates corporation, and that the latter company consented to the construction and thereby subjected the property to the lien.

[4] Although the Construction Company paid upon purchase $15,000 in cash, from which Hughes could have paid the debts or diligent creditors presumably collected the same, the plaintiffs and Yarrington had not then even filed notices of lien, but abided until the present notices were filed, in which they ignored all interests save that of Hughes, although the deed to the Construction Company was on record. The notices are defective in several respects. The agreed price for plaintiff's material is not stated, but the amount unpaid is stated as the agreed price. But this disregard of what had been paid and other omissions are unimportant, relatively to the failure to state the kind of labor or materials.

[5] The notice is that the parties "have and claim a lien for the principal and interest of the value and the agreed price of the labor and materials hereinafter mentioned upon the real property improved and to be improved and upon such improvement hereinafter described: * * * (1) Labor performed, $200. (2) Materials furnished $5,759.26." The Yarrington notice is similar. Here is no description of labor or materials. Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113; Id., 182 N. Y. 509, 74 N. E. 1126.

[6] Notwithstanding such adverse decision, the respondents' counsel in vain suggests that the statute as amended in 1897 omits the specific language of the act of 1885 as to the nature of the services and character of materials, and also urges that the Belle Terre Estates knew what the work was and what was furnished, as if that cured the defect. But the statute should not be construed to mean one thing to whomsoever knowledge or notice can be attributed, and something else to the uninformed. The present

notices state no more than that the persons have contributed certain values in labor and material to the land described. The nature of the labor and material cannot be inferred, even by a statement of its use or adaptation, as was done in some instances cited by the respondent. These notices, operating retroactively, have been' allowed to override the rights of a purchaser for value, and to go back to a remote sale of the property, and to be construed to cover labor and work which the earlier vendor stipulated that his vendee should do in the use and improvement of his property.

The plaintiffs have reached a favorable conclusion by a long and circuitous way, but no single fact or group of facts justify the decree, which should be reversed, and a new trial granted; costs to abide the final award of costs.

HIRSCHBERG and RICH, JJ., concur. BURR and CARR, JJ., concur, upon the ground that the notices of lien were defective.