DAVIS LUMBER COMPANY, Respondent, *v.* ERNEST H. BLANCH-ARD and CHARLES E. SCOTT, Appellants, Impleaded with JOHN L. NOLAN and Others, Respondents.

Third Department, November 15, 1916.

Liens — mechanics' liens on public improvements — sufficiency of notices — Lien Law, section 12, construed.

Notices of liens on public improvements which state that the prices of the materials were payable on delivery and give the dates between which materials were furnished, stating explicitly the date when the last item thereof was furnished, are a sufficient compliance with section 12 of the Lien Law requiring a statement as to "the date when due."

Where notices state that the real property under improvement "is situated on the east side of North Jay Street, and known and distinguished as No. — on said street in the City of Schenectady, County of Schenectady and State of New York, and described as follows: The property upon which is located the new hose house known as station 3, situated

on North Jay street in the city of Schenectady, N. Y.," and it further appears from the notices that the contract for the improvement was made with N., "who is the general contractor for the construction of fire station No. 3," such notices give a sufficient "description of the public improvement" within the meaning of the statute.

Such notices also contain a sufficient "general description of the contract pursuant to which such public improvement was constructed" within the meaning of the statute.

Notices of liens may be held sufficient where, from the facts stated therein, proper inferences may be drawn of the facts required by the statute.

Section 23 of the Lien Law, requiring a liberal construction thereof and providing that substantial compliance with its provisions shall be sufficient, does not justify the court in dispensing with any of the statutory provisions.

APPEAL by the defendants, Ernest H. Blanchard and another, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Schenectady on the 23d day of December, 1915, upon the decision of the court after a trial before the court without a jury.

*Frank Cooper* [*John E. Kelly* of counsel], for the appellants.

*Loucks & Alexander* and *Cyrus W. Briggs*, for the respondents.

COCHRANE, J.:

This is an action to foreclose a mechanic's lien against a municipal improvement in the city of Schenectady. The improvement consisted in the construction of an engine house known as fire station No. 3. The appellants furnished material for the general contractor in the construction of said building and filed liens which have been held invalid herein because the notices of liens so filed were insufficient. Such notices of liens of the appellants were substantially similar.

Section 12 of the Lien Law (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], as added by Laws of 1911, chap. 873)* relating to liens on public improvements provides: "The notice shall state the name and residence of the lienor, the name of the contractor or sub-contractor for whom the labor was performed or

---

* Since amd. by Laws of 1916, chap. 507.—[REP.

materials furnished, the amount claimed to be due or to become due, the date when due, a description of the public improvement upon which the labor was performed and materials expended, the kind of labor performed and materials furnished, and give a general description of the contract pursuant to which such public improvement was constructed."

*First.* The notices are claimed to have been insufficient because they do not state with reference to the amount claimed to have been due or to become due "the date when due", as required by the statute. The notices state that the price of the materials was payable on delivery and give the dates between which materials were furnished, stating explicitly the date when the last item thereof was furnished. This is a sufficient compliance with the statute in this respect, it appearing clearly from the notices that the full amount claimed was due on the last date therein mentioned.

*Second.* It is further urged that the notices do not give " a description of the public improvement" for which the material was furnished. The notices state that the real property under improvement " is situated on the east side of North Jay Street, and known and distinguished as No. —— on said street in the City of Schenectady, County of Schenectady and State of New York, and described as follows: The property upon which is located the new hose house known as station 3, situated on North Jay Street in the City of Schenectady, N. Y." It further appears from the notices that the contract for the improvement was made with John Nolan "who is the general contractor for the construction of fire station No. 3." In one of the notices the words "for the construction" are omitted. It will thus be seen that the notices contain quite a specific description of the real property where the improvement was made and enough appears to establish the inference that the improvement consisted in the construction of a fire station or hose house in a particular locality which is indicated with sufficient minuteness and precision. The mere description of the real property where the improvement was being made perhaps would be insufficient, but the nature of the improvement on the particular real estate described is indicated by the notices.

*Third.* It is further urged that the notices do not contain " a

general description of the contract pursuant to which such public improvement was constructed." As we have already seen the notices indicate that the improvement consists in the construction of a fire station or hose house on a specifically described piece of real estate. They further state the name of the general contractor for the construction of such building. The statute merely requires "a general description of the contract." The criticism, if any, is that the description is too "general." Enough appears, however, to answer the requirements of the statute. One of the purposes of this requirement is well indicated in the latter part of section 12 of the Lien Law which requires the officer or person with whom the notice is filed to enter the same in the "lien book," which entry shall include "a brief designation of the contract under which the lien arose." The officer filing liens would have no serious difficulty in inferring from these notices what the contract was to which reference was therein being made and designating the same as required by the statute.

The notices of liens in this case are not models of perfection. They are not scientific nor have they been drawn with particular reference to the statute. But section 23 of the Lien Law requires a liberal construction thereof and provides that a substantial compliance with its provisions shall be sufficient. This does not justify the court in dispensing with any of the statutory provisions, but in the present case enough is stated in the notices so that proper inferences may be drawn therefrom of the facts which the statute contemplates shall be disclosed by the notices.

The amount of the liens having been established by the judgment herein, such judgment should be modified so as to provide for their payment out of the fund in question in the order of their priority with other liens.

The judgment should be modified in accordance with this opinion, with one bill of costs of this appeal to the appellants.

Judgment modified in accordance with opinion, and as so modified unanimously affirmed, with one bill of costs of this appeal to the appellants.