LUDLOW VALVE MANUFACTURING COMPANY, Plaintiff, *v.*
VILLAGE OF MIDDLEPORT et al., Defendants.

(Supreme Court, Niagara Trial Term, December, 1918.)

Liens — materials furnished for public improvements —when notice
valid as to form — contracts — proper filing under section 12 of the
Lien Law.

Under section 12 of the Lien Law, which requires as an
essential to the validity of a lien for a public improvement that
the notice of lien be filed with the "Head of the department
or bureau having charge of such construction and   *   *   *
with the financial officer of the municipal corporation" a
failure to file with both of said officers is fatal, and where a
lienor did not file its notice with the president of the water
board until long after plaintiff had filed its notice with him
the plaintiff's lien is superior to and has priority over the other
lien.

In an action to foreclose a lien for materials furnished for
a water system built under a contract with a village it appeared
that during the progress of the work the village was also
engaged in building a sewage disposal system under a separate
contract with the same contractors. Separate funds were appli-
cable and separate accounts were kept but most lienors fell
into the error of filing their claims against both the water and
the sewer funds and failed in their notice of lien to distinguish
in any manner what materials they furnished in either improve-
ment. *Held,* that where plaintiff annexed to his notice of lien
and made a part thereof, a schedule upon which were clearly
marked the items furnished for the sewage disposal improve-
ment and those items furnished for the water system, and in
the body of the notice refers to said schedule as stating the
materials furnished, the amount claimed to be due and when
due, and specifically sets forth the making of the contract for
the construction of the waterworks system, the notice of lien,
under section 23 of the Lien Law, will be held valid as to form.

ACTION to foreclose a lien.

Judson & Holley, for plaintiff.

Hickey, Thompson & Gold, for defendant Village of Middleport.

Rogers, Locke & Babcock, for defendant United States Cast Iron Pipe and Foundry Company.

Charles D. Stickney, for defendant Keystone National Bank.

DUDLEY, J.   This is an action to foreclose a lien for materials furnished upon a public improvement, consisting of a water system, built under a contract made by the village of Middleport, N. Y., through its board of water commissioners, with a copartnership known as Cusane & Dower, of Niagara Falls, N. Y.

The contractors failed to complete the work and the village continued it with the result that there is in its hands a fund, amounting to $4,963.75, applicable to the payment of valid liens.

Many liens were filed but for one reason or another, as stated in the decision, they were not valid, leaving for consideration only the liens of the plaintiff, Ludlow Valve Manufacturing Company, and the defendant, United States Cast Iron Pipe and Foundry Company and the amount applicable to them.

The village admits the fund originally applicable, after deducting expenses of completion, to have been the amount above stated but claims certain losses and to have paid certain other disbursements and that they should be credited upon the fund.   These latter, of course, constitute losses and payments, if anything. Under the evidence these could not be allowed out of this fund; furthermore they were not referred to in

the answer of the village nor was its answer amended to conform to the evidence or at Special Term. Therefore, the fund stands undepleted.

The questions arising between the two liens above referred to are, *first,* as to the validity of the plaintiff's claim and as to the priority between them. During the construction of the water system, the village, through its board of sewer commissioners, was also engaged in building a sewage disposal system, under a separate contract but with the same contractors. Separate funds were applicable and separate accounts were kept, but because both contracts were made with the same contractors, most of the lienors fell into the error of filing their claims against both the water and sewer funds, treating both improvements as under one contract and failing in their notices to distinguish in any manner what materials they furnished in either.

If the plaintiff's lien falls into this class, it is invalid. *Leske* v. *Wolf,* 154 App. Div. 233; *Buhler Co.* v. *Vulcan Rail & Const. Co.,* 170 id. 486, 488.

Its notice of lien contains the following language: "Ludlow Valve Manufacturing Company * * * has and claims a lien by reason of the material furnished, as set forth in Schedule 'A,' hereto annexed, for the public improvement consisting of the *sewage disposal* and water works;" also "The public improvement upon which the materials were expended is the construction of a water works system and *sewage disposal."*

If the idea conveyed by the above statements had been carried through the plaintiff's notice of lien, then certainly it would have been invalid. The plaintiff, however, annexed to his notice of lien and made a part thereof, a schedule upon which he clearly marks those items furnished for the sewage disposal improvements

and those items furnished for the water system. In the body of his notice he refers to Schedule "A" as stating the materials furnished, the amount claimed to be due, and the date when due and specifically says: "That the contract pursuant to which such public improvement so constructed was entered into by the Board of Water Commissioners of the Village of Middleport, New York, etc., with the firm of Cusane & Dower of the City of Niagara Falls, New York, on or about the month of May, 1912, for the construction of a *water works system* in and for the said Village of Middleport."

Giving effect to all the above statements, the plaintiff's notice of lien certainly conforms to all the statutory provisions and under section 23 of the Lien Law it must be liberally construed and as to form is valid. *Davis Lumber Co.* v. *Blanchard,* 175 App. Div. 256, 259.

It is true that upon the trial it appeared that certain of the materials furnished for the water system, according to the notice of lien, were diverted from that purpose and that the amount of the lien claimed in the complaint was less than the amount stated in the notice. In the absence of fraud, however, this does not affect the validity of the lien for its true amount. *Gaskell* v. *Beard,* 58 Hun, 101; *Donovan* v. *Frazier,* 15 App. Div. 521.

The defendant United States Cast Iron Pipe and Foundry Company claims that its lien is prior to that of the plaintiff because filed earlier on the same day with the village treasurer and there is a severe conflict of evidence in this respect. However, the Lien Law requires that for the validity of a lien for a public improvement, the notice be filed with the "*head of the department or bureau having charge of such construc-*

*tion and*   \*   \*   \*   with the financial officer of the municipal corporation." Lien Law, § 12.

A failure to file with both officers is fatal and the defendant the United States Cast Iron Pipe and Foundry Company did not file its notice with the president of the water board until long after the plaintiff filed its notice with him and therefore its lien was incomplete at the time the plaintiff filed its lien. *General Fireproofing Company* v. *Keepsdry Const. Co.,* 173 App. Div. 528, 531.

The plaintiff's lien is, therefore, superior and prior to that of the defendant questioning the same.

Judgment accordingly.