BLAUMA FLAUM, Appellant, *v.* VITO PICARRETO et al.,
Respondents, and FRED M. WOOSTER, as Surviving
Member of the Firm of WOOSTER & MOTT, et al.,
Appellants.

**Mechanic's lien — when notice of lien invalid for failure
to state work performed by claimant and agreed price and value
thereof — when other lienors made defendants in action to
foreclose a mortgage, need not allege invalidity of lien in
question — when demand for judgment and request that
validity and priority of lien be determined sufficient to enable
court to determine validity of all liens and their priority.**

1. Where a notice of mechanic's lien, for labor performed as car-
penters upon real property, failed to state what carpenter work had
been performed by claimants, and the agreed price or value thereof,
such failure is fatal to the lien and the lien is void. (Lien Law [Cons.
Laws, ch. 33], § 9, subd. 4, prior to the amendment by L. 1916, ch. 507.)

2. Where a complaint seeks to foreclose a mortgage and makes a
mechanic's lienor a party under an allegation that he claims to have
some interest in the property and a defendant answers setting forth
his lien, which upon its face is void, the court in giving judgment
must so find irrespective of the answers of other defendants. A
mechanic's lien never comes into existence unless the notice upon
which it is founded substantially complies with the statute which
authorizes the creation of such liens.

3. Where, in an action to foreclose a mortgage upon real property,
lienors who were made defendants alleged that the plaintiff's mortgage
was void for fraud, set forth their lien and the lien of other defend-
ants and in the demand for judgment asked that the validity and
priority of the lien of the other defendants be determined and adjudged,
and nowhere admitted that the other lien was valid nor acknowledged
its priority, and on the trial the respective parties gave evidence as to
·the nature of their liens, work performed and materials furnished,
and offered in evidence the notice of the liens as filed, there was thus
an issue raised, within section 521 of the Code of Civil Procedure,
between the respective lienors regarding the validity of the liens,
and the court was called upon to determine the validity of all liens and
their priority.

*Flaum* v. *Picarreto,* 178 App. Div. 952, modified.

.(Argued May 29, 1919; decided June 6, 1919.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 13, 1917, modifying and affirming as modified a judgment entered upon a decision of the court on trial at Special Term.

The plaintiff brought this action to foreclose a mortgage upon property situate in the town of Webster, county of Monroe, state of New York. The firm of Wooster & Mott and Vito Picarreto answered, setting forth their respective mechanics' liens upon the property and asking for a foreclosure thereof. The defendant Wooster attacked the plaintiff's mortgage as being fraudulent and void and the trial court so found. Picarreto's lien which was prior in point of time was also held to be void and of no effect while judgment was given for the full amount of the lien filed in behalf of the firm of Wooster & Mott.

The plaintiff and Picarreto appealed to the Appellate Division. That court unanimously affirmed the judgment against the plaintiff, but held that Picarreto's lien substantially complied with the law, reversed the trial court in this particular, and by appropriate findings established the lien.

The Picarreto lien thus taking precedence over the Wooster lien, the latter defendant has appealed to this court.

The only question presented by the appeal is whether the Picarreto lien complies with the statute. The plaintiff also has appealed to this court by serving a notice of appeal, but the judgment against him having been unanimously affirmed and no permission to appeal having been granted, he did not appear upon the argument. His appeal must be dismissed. The further facts appear below.

*Andrew L. Gilman* for defendants-appellants. The lien of the defendant Picarreto is void because there is

a failure to comply with subdivision 4 of section 9 of the Lien Law. (*Finn* v. *Smith*, 186 N. Y. 465; *Levin* v. *Hessberg*, 135 App. Div. 155; *Bachmann* v. *Spinghel*, 164 App. Div. 725; *Riley* v. *Durfey*, 145 App. Div. 583; *Romanik* v. *Rappaport*, 148 App. Div. 688; *Mitchell* v. *Dunmore Realty Co.*, 126 App. Div. 829; *McKinney* v. *White*, 15 App. Div. 423; *Toop* v. *Smith*, 181 N. Y. 283; *Reilly* v. *Durfee*, 145 App. Div. 583.)

*James L. Brewer* for respondents. The validity of respondents' lien has never in any way been controverted by any of the pleadings in the case or upon the trial of the action, and no issue with reference to it has ever been raised in accordance with the requirements of section 521 of the Code of Civil Procedure. (*Kelly Lumber Co.* v. *O. V. R. R. Co.*, 136 App. Div. 146; *Pittsburgh P. G. Co.* v. *Vanderbilt*, 143 N. Y. Supp. 609; *Hinkle* v. *Sullivan*, 108 App. Div. 316; *Mason's Supply Co.* v. *Jones*, 58 App. Div. 231; *Ostrander* v. *Hart*, 130 N. Y. 406; *Woolf* v. *Schaefer*, 103 App. Div. 567; *Mull* v. *Jones*, 16 N. Y. Supp. 359; *Heinlein* v. *Murphy*, 22 N. Y. Supp. 713; *Vilelli* v. *May*, 120 App. Div. 449; *Vogel* v. *Luitweiler*, 52 Hun, 184.)

CRANE, J. On the third day of February, 1916, the defendants Vito Picarreto, Christofore Tarricono and Guiseppe Gammorrello caused to be filed in the office of the clerk of Monroe county in the state of New York a notice of claim and lien for the sum of $500, the unpaid price of work and labor performed upon the real property in question. These men were carpenters.

The defendant Fred M. Wooster and Charles A. Mott were copartners in the hardware business in the town of Webster, doing business under the firm name and style of Wooster & Mott, and which business, since the death of Charles A. Mott, has been continued by the said Wooster and the defendant Elizabeth Mott, as executrix.

On the 24th day of February, 1916, Wooster & Mott caused to be filed in the office of the clerk of Monroe county a notice of claim and lien on and against the property here in question for the sum of $2,377.58, the unpaid price for lumber, hardware and mason supplies furnished to the owner for the building being erected.

It was determined by the trial court that the Wooster & Mott lien took precedence over the Picarreto lien because the notice filed by the carpenters was not in the form prescribed by law in that the said notice of lien did not state the total amount of the contract price and did not state the value of the work already performed under such contract. Tarricono and Gammorrello assigned all their rights under the lien to the defendant Picarreto.

The Appellate Division reversed this finding of the trial court, finding that the Picarreto lien " complied in form and substance with the requirements of the Lien Law."

This opinion need only touch upon the sufficiency of the notice and the requirements of the statute.

Section 9, subdivision 4, of the Lien Law (Cons. Laws, ch. 33), as it existed at the time of this lien and prior to the amendment by Laws of 1916, chapter 507, provided that the notice of lien should state " the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof." In this case the notice should have stated what carpenter work had been performed by Picarreto and his associates and the agreed price or value thereof. The notice failed to state the latter requisite, the price of the labor performed or the value thereof. At this part of the notice it read: " That the labor performed is all carpenter work upon said houses as per said contract; two of said houses ready for plastering and third house completed for plastering except five partitions. That the labor to be performed is completion

of said houses as per contract. That the amount unpaid
to said lienor for such labor is five hundred dollars
($500)."

Is it fatal to this lien that the notice failed to state
the agreed price of the labor performed or the value
thereof? The statute says that this must be stated, and
*Finn* v. *Smith* (186 N. Y. 466) holds that a failure to
state either explicitly or by plain inference the value
or the agreed price of the labor performed at the time
of the filing of the notice makes it void and of no effect.
This rule has been followed in *Levin* v. *Hessberg* (135
App. Div. 155) and *Bachmann* v. *Spinghel* (164 App.
Div. 725).

The Picarreto lien was, therefore, void as found by
the trial court, the notice not being in the form described
by law.

It is said, however, that the defendants Wooster and
Mott are not in a position to contest the validity of this
prior lien in that the issue was not raised upon the trial
or by pleading.

The complaint referred to the respective liens and
asked that the plaintiff's mortgage be foreclosed and
these liens forever barred from any right in the mortgaged
premises. Wooster & Mott by their answer alleged that
the plaintiff's mortgage was void for fraud, set forth
their lien and also that of Picarreto, and in the demand
for judgment asked " that the validity and priority of
the liens of the other defendants herein be determined
and adjudged." The allegation regarding the Picarreto
lien was simply a statement of the fact that the three
carpenters filed a mechanic's lien against the said real
property on the 3d day of February, 1916, a copy of
which was annexed to the answer as Exhibit A. Nowhere
did Wooster & Mott in their answer admit that the lien
was a valid lien, or acknowledge its priority: on the
contrary, they asked the court to pass upon its validity
and priority. The respondent Picarreto, in his brief,

says that cross answers were properly served among the defendants, but that in no part of said answer of Wooster & Mott is the validity of the respondent's lien controverted. When Picarreto's attorney received the Wooster & Mott answer he must have read what I have here stated, that the court was asked to determine the validity of his lien and whether it took precedence over that of Wooster & Mott. On the trial the respective parties gave evidence as to the nature of their liens, work performed and materials furnished, and offered in evidence as exhibits the notice of the liens as filed. We think that within section 521 of the Code of Civil Procedure there was thus an issue raised between Wooster & Mott and Picarreto regarding the validity of the liens and that the court was justified in thus treating the matter. In fact no point was raised upon the trial that under the pleadings the Picarreto lien was admitted by Wooster & Mott and that its priority could not be contested.

Even if this were not so we think that in this case the court was called upon to determine the validity of all liens and their priority. Section 45 of the Lien Law says: "The court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and determine all issues raised by any defense or counter claim in the action."

The court is not obliged to hold that a mechanic's lien is valid when upon its face it clearly is invalid and no lien, simply because no issue has been raised regarding it. Where a complaint, as in this case, seeks to foreclose a mortgage and makes a mechanic's lienor a party under an allegation that he claims to have some interest in the property, and the defendant answers setting forth his lien, which upon its face is void, the court in giving judgment must so find irrespective of the answers of other defendants. A mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes

the creation of such liens. (*Toop* v. *Smith*, 181 N. Y. 283.)

The plaintiff's appeal should be dismissed, with costs, and the judgment of the Appellate Division in favor of respondent Picarreto should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division to the appellant.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Judgment accordingly.