Elbert T. Gallagher, J.
This is an action to foreclose a mechanic’s lien. A sum of money sufficient to discharge the lien of record has been deposited in the office of the County Clerk hy the defendant owner, Robert Gillert.
An earlier action for work, labor, and services, brought in the City Court of White Plains against the defendants, Robert Gillert and Charles Gillert, by one Michael Bambara as assignee of the plaintiff herein, resulted in a judgment against Charles Gillert for a sum of money equal to the debt which forms the basis of the present action to foreclose. The complaint was dismissed as against the defendant, Robert Gillert. Thereafter Michael Bambara assigned the City Court judgment to the plaintiff herein. The judgment remains unsatisfied. It is now contended hy the defendants that since only the judgment was assigned and there was no reassignment to the plaintiff of the underlying cause of action the plaintiff has no standing to foreclose the lien, the theory being that the plaintiff in a lien fore *210 closure must own both the lien and the underlying cause of action for the debt. The court finds no merit in this contention since the cause of action for the debt was merged in the judgment. (Hellstern v. Hellstern, 279 N. Y. 327.)
Nor is there merit in the defense that the present action is res judicata. Judgment for the debt is not a bar to an action for the foreclosure of the lien (May v. New Amsterdam Cas. Co., 270 App. Div. 472; Pearce v. Kenney, 152 App. Div. 638) and judgment dismissing the complaint, as against the owner, in an action for work, labor and services is likewise no bar, since it is not necessary that the owner of the fee be personally liable for the indebtedness to give validity to the lien or to any action for the foreclosure thereof. (Pearce v. Kenney, supra.)
No prior leave of court was required in order for plaintiff to maintain this action since the cause of action alleged herein is not upon a judgment for a sum of money. The defense based upon section 484 of the Civil Practice Act is inapplicable.
The theory upon which plaintiff seeks to foreclose is that Charles Gillert was the equitable owner of the premises described in the notice of lien or at least that he had an interest in the property together with Robert Gillert, the record owner, or in the alternative, that he acted as the agent of Robert Gillert in ordering labor and materials from the plaintiff and that labor and materials were furnished to the said owner or owners pursuant to said order. These allegations are not supported by the evidence. There is no proof that Charles Gillert had any interest in the property described, or that any agency existed between Robert Gillert and Charles Gillert. The proof is that Robert Gillert contracted with Gillert Construction Corp. for the improvement of the premises owned by him and that Charles Gillert, an employee of the corporation, acting as agent for the corporation, ordered machinery and fill from plaintiff. Therefore, plaintiff’s contract was with Gillert Construction Corp., the general contractor, and the material and equipment were furnished to the corporation. Had plaintiff brought its action upon this theory he could perhaps have succeeded in foreclosing the lien since there is sufficient evidence to warrant a finding that Robert Gillert owed a sum of money to Gillert Construction Corp. in excess of the amount claimed in the notice of lien at the time the notice was filed or subsequent thereto and that the sum owed was paid by Robert Gillert to the corporation with knowledge of the existence of the lien. There is no proof of the existence of a debt between Robert Gillert and Charles Gillert. While the notice of lien states that the contract was made with Charles Gillert and the materials were furnished to *211 Charles Gillert and Robert Gillert, failure to name the true contractor does not affect the validity of the lien (Lien Law, § 9, subd. 7) and the notice could have been amended nunc pro tunc pursuant to section 12-a of the Lien Law. Plaintiff, however, has not sought an amendment but has chosen to stand on the notice of lien as filed. Having failed to prove the facts as stated in the said notice and alleged in the complaint and the record being devoid of proof to substantiate the allegations of fraud and conspiracy, the complaint must be dismissed insofar as it seeks to foreclose the lien.
It should be noted also that the notice of lien, insofar as it states that the labor performed was “ Equipment and machinery ’ ’, is insufficient. The statement is entirely too vague to constitute a compliance with section 9 of the Lien Law. Moreover, the hiring out of equipment does not constitute labor. Section 2 of the Lien Law provides that “ the expression ‘ furnishes material ’ * * * shall be deemed to mean and include the reasonable rental value for the period of actual use of machinery, tools or equipment ”.
The indebtedness of Gillert Construction Corp. having been established, judgment will be granted, pursuant to section 54 of the Lien Law, against said corporate defendant in the sum of $1,096.25.
Submit findings in accordance with this decision to be settled on notice.