■ EMPIRE PILE DRIVING CORP. et al., Respondents, v. HYLAN SANITARY SERVICE, INC., et al., Appellants, et al., Respondent.— In a proceeding to discharge two notices of mechanics' liens, filed respectively by Hylan Sanitary Service, Inc., and General Heating and Air Conditioning Corp., said lienors appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County, dated November 26, 1968 and made on reargument, as adhered to the original decision granting the petition and denying their cross motion to dismiss the petition. Order affirmed insofar as appealed from, with $10 costs and disbursements to petitioners-respondents. In our opinion, the two notices of lien in question were fatally defective in failing to comply with the provisions of section 9 of the Lien Law. Appellant Hylan Sanitary Service, Inc.'s notice failed to state clearly: (1) " The labor performed or materials furnished ", as required by subdivision 4 of the section (*San Marco Constr. Corp.* v. *Gillert,* 15 Misc 2d 208, 210; *Fanning* v. *Belle Terre,* 152 App. Div. 718; *Toop* v. *Smith,* 181 N. Y. 283, 287–288); (2) " The amount unpaid to the lienor for such labor or materials ", as required by subdivision 5 thereof (*Riley* v. *Durfey,* 145 App. Div. 583, 586); and (3) the *exact* "time when the first and last items of work were performed and materials were furnished ", as required by subdivision 6 thereof (cf. *Fenichel* v. *Zicherman,* 154 App. Div. 471). In addition, the notice was not verified, in violation of subdivision 7 of the section (cf. *Mozarsky* v. *Whinston Bros.,* 254 N. Y. 552; *Kingston* v. *M. S. Constr. Corp.,* 249 N. Y. 533, and *Fries* v. *Bray,* 279 App. Div. 8, with *Matter of Teitler* v. *McDermott & McDonald,* 282 App. Div. 953, affd. 306 N. Y. 953). While it might be the case that any of the defects standing alone could be amended under section 12-a of the Lien Law (cf. *Matter of Teitler* v. *McDermott & McDonald, supra*), at bar there is not one but several defects and we are not able to say that under these circumstances there has been substantial compliance with the Lien Law (cf. § 23 thereof). With respect to the notice of appellant General Heating and Air Conditioning Corp., we have twice before held on analogous facts that a notice of lien is fatally defective if " it purports to include material furnished under several transactions for the improvement of distinct and widely separated pieces of real property, being improved as independent operations " (*Matter of Twin County Tr. Mix* v. *Ingula Bldrs. Corp.,* 27 A D 2d 939; *Buhler Co.* v. *New York Dock Co.,* 170 App. Div. 486). Accordingly Special Term was acting

within its discretion in summarily discharging the notices of lien (see Lien Law, § 19, subd. 6). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.