■ SULLIVAN CONTRACTING, INC., Respondent, v TURNER CONSTRUCTION Co., Appellant, et al., Defendant. [875 NYS2d 695]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered January 7, 2008 in an action to foreclose on a mechanic's lien. The order, insofar as appealed from, denied the motion of defendant Turner Construction Co. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Turner Construction Co. is granted and the complaint against that defendant is dismissed.

Memorandum: Plaintiff commenced this action seeking to foreclose on a mechanic's lien arising out of a construction proj-

ect. Plaintiff had been hired by a contractor who in turn had been hired by Turner Construction Co. (defendant), the general contractor for the project. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint against it. Plaintiff's notice of mechanic's lien is fatally defective because it fails to set forth "[t]he labor performed or materials furnished and the agreed price or value thereof," as required by Lien Law § 9 (4) (*see Brescia Constr. Co., Inc. v Walart Constr. Co., Inc.*, 249 App Div 151, 152 [1936], *affd* 273 NY 648 [1937]; *Flaum v Picarreto*, 226 NY 468, 471-472 [1919]; *Fanning v Belle Terre*, 152 App Div 718, 722-723 [1912]; *see also Empire Pile Driving Corp. v Hylan Sanitary Serv.*, 32 AD2d 563 [1969]). Plaintiff concedes that it failed to set forth the "labor performed or materials furnished" and contends that it failed to specify "the agreed price or value thereof" only because its subcontract stated that it would be paid on a cost plus basis of 112% of its auditable fees. Plaintiff thus contends that it substantially complied with the statute. We reject that contention. It is well established that the requirement that a notice of mechanic's lien state the "agreed price or value" may be satisfied by the inclusion of an agreed-upon cost plus percentage if there is no specific dollar amount indicated in the contract (*see Fyfe v Sound Dev. Co.*, 235 NY 266, 269-270 [1923]; *104 Contrs. v R.T. Golf Assoc.* [appeal No. 2], 270 AD2d 817, 818 [2000]), but here plaintiff failed to set forth that the agreed price for its work was 112% of its auditable costs. By failing to include two material elements of a notice of mechanic's lien, plaintiff cannot be deemed to have substantially complied with the requirements of Lien Law § 9 (*see Bradley & Son v Huber Co.*, 146 App Div 630, 631-632 [1911], *affd* 210 NY 627 [1914]; *cf. Davis Lbr. Co. v Blanchard*, 175 App Div 256, 259 [1916]).

We further conclude that defendant was not obligated to plead the allegedly defective notice of mechanic's lien as an affirmative defense. It cannot be said that such an affirmative defense would surprise or prejudice plaintiff inasmuch as the notice of mechanic's lien was signed by plaintiff's president and provided the basis for this action (*see Foley v Pac Am Or Bearing*, 105 AD2d 1120 [1984]; *cf. Millbrook Hunt v Smith*, 249 AD2d 283 [1998]). In any event, even if defendant had included such an affirmative defense, the notice of mechanic's lien contained multiple defects and thus could not have been cured by an amendment pursuant to Lien Law § 12-a (*see Empire Pile Driving Corp.*, 32 AD2d 563 [1969]; *cf. EFCO Corp. v Helena Assoc. LLC*, 45 AD3d 399 [2007], *lv dismissed* 10 NY3d 756 [2008]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.