AGNES PONSROK, Appellant, *v.* CITY OF YONKERS, Respondent.

(Submitted May 5, 1930; decided June 3, 1930.)

*Stephen R. J. Roach* for appellant. The verification is sufficient. (*Kingston* v. *M. S. Construction Co.*, 249 N. Y. 533; *People ex rel. Kenyon* v. *Sutherland*, 81 N. Y. 1; *Dean* v. *M. E. R. Co.*, 119 N. Y. 540; *Sheehy* **v.** *City of New York*, 160 N. Y. 139.)

*Harry J. Laragh, Corporation Counsel* (*Vincent C. De Carlo* of counsel), for respondent. Plaintiff's written claim is improperly verified and a nullity. (*People ex rel. Kenyon* v. *Sutherland*, 81 N. Y. 1; *Haff* v. *Spicer*, 3 Caines, 190; *Jackson* v. *Virgil*, 3 Johns. 540; *Millins* v. *Shafer*, 3 Denio, 60; *Hathaway* v. *Scott*, 11 Paige, 173; *Laimbeer* v. *Allen*, 4 N. Y. Super. Ct. 648; *Kingston* v. *M. S. Construction Co.*, 249 N. Y. 533; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Winter* **v.** *City of Niagara Falls*, 190 N. Y. 198.)

POUND, J. The case comes up on a motion for judgment on the pleadings. The complaint alleges that the defendant negligently constructed a city sewer so that the same became obstructed, causing its contents to back up and flood the lower floor of plaintiff's premises to plaintiff's damage $2,000, and that notice of claim and notice of intention to commence an action thereon were given in accordance with the provisions of section 244 of the Second Class Cities Law (Cons. Laws, ch. 53).

It is stipulated that the notice of claim shall be considered part of the complaint. The notice is in proper form except as to its verification. It is signed by the claimant. The affidavit of verification begins: "Agnes Ponsrok, being duly sworn, deposes and says:" Then follows the usual affidavit of verification, which is not signed by the claimant but is subscribed by William F.

Fennell, who attaches alongside the jurat his seal as notary public. The question is whether the claim is properly verified.

Second Class Cities Law, section 244, provides that the city shall not be liable in a civil action for damages to person or property unless a claim therefor in writing, *verified by the oath of the claimant*, shall be presented as therein indicated. Municipal liability for injuries is a matter which is within the control of the Legislature and when it declares upon what such liability shall be predicated, the statutory provisions are controlling. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203; *Rogers* v. *Village of Port Chester*, 234 N. Y. 182, 185.) If the notice of claim does not comply with the statutory requirements, if it is not a verified notice of claim, the complaint was properly dismissed. No other form of notice is sufficient.

While the constitutional classification of cities into cities of the first, second and third class in accordance with their population (Art. XII, § 2) no longer exists, under the Home Rule Amendments adopted November 6, 1923, the Second Class Cities Law is continued in force (Art. XII, § 7). The city of Yonkers comes under the act. The court must, therefore, construe the words " verified by the oath of the claimant " in order to determine whether the action may be maintained. If the ignorance and incompetency of the notary in failing to have the affidavit of verification subscribed by the claimant has resulted in a mere technical deviation from the classic form of an affidavit, the irregularity might be overlooked. The defect is, however, one of substance. The words " verified by the oath of the claimant " import the usual affidavit of verification, such as is prescribed by rules 99–100 of the Rules of Civil Practice for the verification of pleadings. Such an affidavit should be subscribed by the affiant. No statute requires it but established practice compels it. True, the great authority of Chief Justice SHAW is on the other side. In *Farrer* v.

*Parker* (7 Metc. 43) it was held that as the statute does not require the oath to be subscribed, subscription is not necessary to its validity. Abundant authority may be found in other jurisdictions for this holding. (2 Corpus Juris, 357, § 90, note 33.)

In New York the rule is otherwise. It was held in the Supreme Court of this State in the early days, without giving reasons for the ruling, that the writing is an affidavit in law, though not signed by the deponent, if his name appears in the body of it and it is duly sworn to. In equity the rule was different. Chancellor WALWORTH pointed out the difficulties of sustaining a prosecution for perjury on an unsigned affidavit. His reasoning has since prevailed. In *People ex rel. Kenyon* v. *Sutherland* (81 N. Y. 1) the authorities were reviewed. It was held that an affidavit which was signed by the deponent would be regarded as sufficient although his name did not appear in the body of it. Subscription gave validity to the document. The purpose of the signature is the sure identification of the person who took the oath. Since then the decisions have been exacting that the affidavit should be signed by the party deposing. In *Kingston* v. *M. S. Construction Corp.* (249 N. Y. 533) a notice of mechanics' lien was held to be insufficiently verified under the provisions of the Lien Law, (Cons. Laws ch. 33), section 9, which requires the notice to be " verified by the lienor." The affidavit contained no signature nor was the lienor, although named, adequately identified in the body thereof as the person who took the oath before the notary. An unsubstantial distinction might be drawn between that case and this, but to draw such distinctions would lead to loose practice. Unsigned verifications to pleadings and notices of mechanics' liens and other documents would be upheld. Confusion would be the result. It is better to have certainty in this respect than to indulge the carelessness or incompetency of notaries in order to uphold the rights of claimants who have, perhaps through

no fault of their own, failed to comply with the statute. This ruling is no harsher than the rules which have been applied in such cases as *Cotriss* v. *Village of Medina* (139 App. Div. 872; affd., 206 N. Y. 713).

The fact that the city has not been prejudiced is immaterial. The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with. A notice of claim is not " verified by the oath of the claimant " when the affidavit is subscribed not by the claimant but by the notary and the jurat is not subscribed by the notary and is attested only by his official seal.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.