JEANNETTE M. HOUSE, Appellant, v. JAMES S. BODOUR, Respondent.— Judgment affirmed, with costs. Memorandum: Counsel agreed that the only question to be decided in this case is whether the Tenement House Law applies to the city of Syracuse. The Tenement House Law provides that it shall apply " to cities of the first class only." (§ 170.) Immediately prior to 1924 cities were classified according to the latest State enumeration, the first class including all cities having a population of 175,000 or more. (State Const. art. 12, § 2.)▌ An amendment to article 12, section 2, of the Constitution became effective on January 1, 1924. The provision classifying cities was omitted therefrom. This amendment eliminated the classification of cities from the general legal system of the State. (*Ponsrok* v. *City of Yonkers*, 254 N. Y. 91.) According to the census of 1925,

the city of Syracuse had a population of more than 175,000. Plaintiff contends that the Tenement House Law was intended to apply to cities having a population of 175,000 or more, and that, therefore, since 1925 it has applied to the city of Syracuse. The present Tenement House Law (Laws of 1909, chap. 99) substantially re-enacted the provisions of the prior Tenement House Law. (Laws of 1901, chap. 334.) That law applied to cities of the first class. (§ 1.) Therefore, the present Tenement House Law must be considered as a continuation of the prior law. (Gen. Constr. Law, § 95.) At the time the Tenement House Law was first passed, a city of the first class was required to have a population of 250,000 or more. (Const. of 1894, art. 12, § 2.) By an amendment taking effect in 1907█ the population required for a city of the first class was reduced to a minimum of 175,000. Consequently, as at the time the Tenement House Law was first enacted it applied only to cities having a population of 250,000 or more, we believe that when the Tenement House Law was re-enacted in 1909, it was not the intention of the Legislature to make it applicable to cities having a population of 175,000 or more. Therefore, as the city of Syracuse has never become a city of the first class, the Tenement House Law does not by its terms apply to it. Furthermore, it does not appear that it was the intention of the Legislature at the time of the re-enactment of the Tenement House Law in 1909 that it should apply to cities which thereafter attained a population of 175,000 or more. All concur. (The judgment affirms a judgment of the Syracuse Municipal Court in favor of defendant in an action for damages sustained by reason of a portion of a plaster ceiling falling and injuring plaintiff.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ. [See 168 Misc. 766.]