## FIRST DEPARTMENT, JULY, 1941.
### (July 7, 1941.)

In the Matter of MOE LEVINE, an Attorney.— Motion granted. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

In the Matter of RALPH C. WARRICK, an Attorney.— Motion granted. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

## SECOND DEPARTMENT, JULY, 1941.
### (July 28, 1941.)

## THIRD DEPARTMENT, JULY, 1941.
### (July 2, 1941.)

In the Matter of Application of SAMUEL LEVINE and ALICE LEVINE, for the Appointment of Commissioners under Section 197 of the Highway Law.

SAMUEL LEVINE and ALICE LEVINE, Appellants; TOWN OF FALLSBURGH, Respondent.

Appeal from an order of the Supreme Court, entered in the Sullivan county clerk's office on March 14, 1941.

Appeal from an order of the Sullivan County Special Term, entered on February 8, 1941, which denied the application of the petitioner, Samuel Levine, for the appointment of commissioners to determine damages for a change of grade in a

HILL, P. J. (dissenting). Appeal from an order denying the application of petitioner Samuel Levine for the appointment of commissioners to determine the compensation to which he is entitled under section 197 of the Highway Law for change of grade in the construction of a town highway repaired, graded and macadamized from curb to curb by the authorities of the town of Fallsburgh. The denial was upon the ground that the claim presented to the town board was not verified as required by section 197 of the Highway Law as amplified by *Ponsrok* v. *City of Yonkers* (254 N. Y. 91). The petitioner presented his claim to the town board in the following form:

" STATE OF NEW YORK ⎫
  COUNTY OF SULLIVAN ⎰ *ss:*

" SAMUEL LEVINE being duly sworn, deposes and says that he is the owner of a garage property adjacent to the highway leading from South Fallsburgh toward Hurleyville and bounding the property of the Fallsburgh Lumber Company on the Westerly side; that the Town, of Fallsburgh graded and macadamized the said highway at a point where the same passes through and along the premises of deponent and as a result thereof changed the grade of the same causing the premises owned by deponent to be damaged in the sum of $3,000.00. This change was effected and completed on or about the 22nd day of August, 1940.

" Deponent hereby makes claim against said Town of Fallsburgh for the damages resulting from such change.

"SAM LEVINE

" Severally sworn to before me
this 19th day of October, 1940.
   " ELLSWORTH BAKER,
    "*Notary Public*"

Section 197 of the Highway Law provides concerning claims for damages of this character —" A person claiming damages from such change of grade must present to the town board of such town a *verified* claim therefor within sixty days after such change of grade is effected. The board may agree with such owner on the amount of damages to be allowed him. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners

to determine the compensation to which he is entitled. Notice of the application must be served upon the supervisor of the town at least ten days before the hearing thereof. All proceedings subsequent to appointment of commissioners shall be taken in accordance with the provision of the condemnation law so far as applicable." The statute only requires that the claim be " verified;" the orm of verification is not prescribed. Webster defines " verify " when used in a legal sense " To confirm or substantiate by oath, or proof;" Bouvier as " to confirm and substantiate by oath," and " substantiating by argument." " The word ' verify ' sometimes means to confirm and substantiate by oath and sometimes by argument. Webster and Walker define it both ways. When used in legal proceedings it is generally employed in the former sense. Thus a plea in bar which concludes with what is called a verification, does so in these words 'all which the said defendant is ready to verify,' clearly meaning to prove to be true, or establish by evidence. When a word, used in a statute is susceptible of two meanings, we are to inquire which will best comport with the object and intent of the act. Testing the question by this rule, all difficulty is at once removed. The Legislature could have had no object in requiring any other verification than by oath." (*DeWitt* v. *Hosmer*, 3 How. Pr. 284.) " To verify, as defined in Corpus Juris, volume 67, page 230, is to ' ascertain to be correct; * * * to confirm or establish the truth of.' " (*National Surety Corp.* v. *Lybrand*, 256 App. Div. 226, 234.) The primary purpose of a verified claim required under section 197 of the Highway Law is to permit the town board to consider and if possible agree with the owner as to the amount of damages. Failing in this, application is then made to the court, and it is only after the commissioners have been appointed that the provisions of the Condemnation Law are made applicable.

The town board, in the present proceeding, received what would be regarded by both legally learned and laity as a verified claim, and that was sufficient. (*Sweeney* v. *City of New York*, 225 N. Y. 271.) The statute did not require that it should be in any particular form, but it did require that thirty days should elapse before court proceedings were taken, during which the town board was to have opportunity to agree with the claimant. In the *Ponsrok* case (*supra*) the notice required under the Second Class Cities Law had almost the formality of a pleading, and as to that it might with some force be suggested that the Rules of Civil Practice concerning verification of pleadings should apply. It is difficult to find justification for reading into this section of the Highway Law rules concerning court practice promulgated by a convention convened to formulate and adopt rules not inconsistent with the Judiciary Law nor with the Civil Practice Act. (Laws of 1921, chap. 370.) In *Matter of Passero & Sons, Inc.* (237 App. Div. 638) the court was dealing with a notice of lien which " the statute requires * * * to be verified and to be verified in a particular manner (Lien Law, §§ 12 and 9)." The harsh doctrine particularly of the *Ponsrok* case (*supra*), should not be extended.

The petitioner Alice R. Levine (appearing in the title) has filed no claim and if she has suffered damages she is without a remedy.

I favor a reversal on the law and facts of the order dismissing the petition and denying the application for the appointment of commissioners, and the granting of the application for the appointment of commissioners.