## SECOND DEPARTMENT, JULY, 1941.
### (July 28, 1941.)

In the Matter of JOSEPH F. MIKA, an Attorney and Counselor at Law.— Motion for reinstatement as an attorney and counselor at law granted. Present — Lazansky, P. J., Hagarty, Taylor and Close, JJ.; Carswell, J., not voting.

## THIRD DEPARTMENT, JULY, 1941.
### (July 2, 1941.)

In the Matter of Application of SAMUEL LEVINE and ALICE LEVINE, for the Appointment of Commissioners under Section 197 of the Highway Law.

SAMUEL LEVINE and ALICE LEVINE, Appellants; TOWN OF FALLSBURGH, Respondent.

town highway. The controlling question is whether the notice of claim was verified in accordance with the statute (Highway Law, § 197). It was sworn to before a notary public but an affidavit of verification was not attached. The Special Term held the notice defective on the authority of *Ponsrok* v. *City of Yonkers* (254 N. Y. 91). Order affirmed, with costs. Crapser, Schenck and Foster, JJ., concur; Hill, P. J., dissents in an opinion; Heffernan, J., dissents and votes to reverse the order and grant the application for the appointment of commissioners. It seems to me that the case upon which the majority relies (*Ponsrok* v. *City of Yonkers*, *supra*), is not in point. In that case it appears that the verification was not signed by the claimant at all but by Fennell, a notary public. There was no pretense that the claim in that case was sworn to. Here Levine did swear to the claim before a notary public. I think he complied with all the requirements of the statute and that his claim must be treated as a verified one.