THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMBROAD EQUITIES, INC., Appellant, against WILLIAM S. MILLER et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Argued October 20, 1942; decided December 3, 1942.

*David L. Weissman, Casper Gottdiener* and *Herbert S. Goodman* for appellant. The appellant was "a person aggrieved" at the time of the commencement of the proceeding and continued to be such even after the conveyance and the payment of the tax by the purchaser. (*People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. Rep. 519; 204 App. Div. 863; *Matter of Walter*, 75 N. Y. 354.) Whether or not the appellant continued to be aggrieved after the conveyance and the payment of the tax by the purchaser is immaterial. (*People ex rel. City of New York* v. *Keeler*, 237 N. Y. 332; *People ex rel. Allied Owners Corp.* v. *Sexton*, 257 App. Div. 215; 281 N. Y. 853; *New York Electric Lines Co.* v. *Gaynor*, 167 App. Div. 314; 218 N. Y. 417.) The proceeding, having been instituted by a person aggrieved, could not be dismissed for any change of status of such person. (Civ. Prac. Act, § 82; *People ex rel. Northchester Corp.* v. *Miller*, 288 N. Y. 163; *People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. Rep. 519; 204 App. Div. 863; *People ex rel. Crompton Building Corp.* v. *Sexton*, 258 App. Div. 1046.)

*Harold J. Treanor* for The Real Estate Board of New York, Inc., *amicus curiæ*. After institution of a proceeding, a sale of the premises involved does not deprive the petitioner of the status of a party "aggrieved." (Cons. Laws, ch. 60, § 290; *People ex rel. 342 East 57th St.* v. *Miller*, 262 App. Div. 132; 287 N. Y. 682; *Hamilton Manufacturing Co.* v. *City of Lowell*, 74 A. L. R. 1213; 175 N. E. Rep. 73; *People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. Rep. 519; 204 App. Div. 863; *People ex rel. N. Y. City Omnibus Corp.* v. *Miller*, 282 N. Y. 5.)

*William C. Chanler*, Corporation Counsel (*Arthur H. Goldberg, Arthur A. Segall* and *Anthony Curreri* of counsel), for respondents. Relator, although a party "aggrieved" by the assessment at the time the writ of certiorari issued, lost its status as a party aggrieved,

by its subsequent conveyance of the property and because the taxes were paid by the vendee. The proceeding was properly dismissed. (*Matter of Walter*, 75 N. Y. 354; *Matter of Burke*, 62 N. Y. 224; *Matter of Phillips*, 60 N. Y. 16; *New York Electric Lines Co.* v. *Gaynor*, 167 App. Div. 314; 218 N. Y. 417; *Dickinson* v. *Springer*, 246 N. Y. 203; *People ex rel. Pechtold* v. *Bogart*, 122 App. Div. 872; *People ex rel. Lyman Realty Corp.* v. *Miller*, 99 N. Y. L. J. 2283; *People ex rel. Shaw* v. *Eklund*, 96 N. Y. L. J. 1951.)

LEHMAN, Ch. J.   Real property at that time belonging to Rialto Estates, Inc., was assessed at the value of $250,000 upon the assessment rolls of the city of New York for the tax year 1936.   An application was made in due time to the proper officers to correct such assessment.   In June, 1936, after application for correction had been denied, Rialto Estates Inc., " claiming to be aggrieved " by the assessment, presented to the Supreme Court a petition for a writ of certiorari to review the assessment, as provided in section 290 of the Tax Law (Cons. Laws, ch. 60).

The proceeding for the review of the assessment for the year 1936 was consolidated with proceedings for the review of assessments upon the same property in other years.   The consolidated proceeding was tried in April, 1941.   Then it appeared that the petitioner had sold the property, and on June 12, 1936, a few days after the petition for review was presented by Rialto Estates, Inc., the petitioner had conveyed the property to the purchaser " subject to taxes."   The new owner thereafter paid the taxes for the year 1936, but is not a party to the certiorari proceeding.   A motion was then made to dismiss the proceeding for the review of the assessment for the year 1936, on the ground that it appears that the relator is not the real party in interest and is not a person aggrieved by the assessment.   The justice at Special Term denied the motion to dismiss and ordered that the assessment be reduced.   The defendant respondents appealed to the Appellate Division from that order " in so far as said final order failed to dismiss the proceedings for the year 1936."   Upon that appeal they did not challenge the decision of the court at Special Term that the property had been over-valued.   The Appellate Division, Mr. Justice DORE dissenting, reversed the order of the Special Term so far as appealed from, holding that the appellant was not aggrieved.

It is not questioned that Rialto Estates Inc., was the owner of the property and was aggrieved by the assessment at the time the assessment rolls were filed, at the time application for correction of the assessment roll was made, and at the time the petition for review of the assessment was filed. The proceedings were properly instituted by the only person at that time authorized to begin them. The statute contains no express provision that a petition presented, in strict compliance with the statute, by the proper person, who thereafter without reserving a right to refund of any overpayment of the tax, conveys the property to another person who pays such tax, must be dismissed. We are told, however, that even without such express provision in the statute the proceedings must under such circumstances be dismissed because the petitioner has no longer any interest in the refund, and the person having such interest is not a party to the litigation. We do not agree with that contention.

In certiorari proceedings only the question whether the tax assessment is valid can be litigated. If the assessment is vacated or reduced after the tax has been paid, refund must be made to the person entitled thereto. Even where the final order in a certiorari proceeding directs that the refund should be paid to one of the parties to the proceedings, other parties to that proceeding may thereafter show a superior equitable right to a refund. (*People ex rel. 1200 Madison Ave. Corp.* v. *Miller*, 287 N. Y. 685.) We express no opinion upon the question whether or not the appellant may be able to show a right to the refund. If there is dispute whether the appellant or some other person is entitled to it, that dispute must be decided in appropriate proceedings in the Supreme Court, to which all interested persons are parties. We decide only that the court at Special Term properly denied the motion to dismiss proceedings to review a tax assessment where such proceedings have been commenced in strict accordance with the terms of the statute by the person authorized by the statute to commence them.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.