THE PEOPLE OF THE STATE OF NEW YORK ex rel. OTTLEY ESTATE CORPORATION, Respondent, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Appellants. (Premises: 232-50 West 37th Street, Manhattan, Block 786, Lots 66 and 68.)

First Department, February 14, 1949.

*Edith I. Spivack* of counsel (*William F. Murphy* and *Morris Handel* with her on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*Leon London* for respondent.

VAN VOORHIS, J. This is an appeal by the City of New York from an order directing the payment of interest on refunds as the result of reductions in assessed valuations by tax certiorari proceedings. The order provided that it is '' Ordered and directed that, unless sooner paid, there shall be audited and allowed to the relators  *  *  *  and paid to the relators, the amounts paid by the said relators '' in excess of what the taxes should have been, '' together with the interest on the amounts so paid from the dates of payment  *  *  *.''

A copy of this order with notice of entry was sent to the department of finance of New York City with a suitable letter of transmittal, and a certified copy was received by the city comptroller.

Subdivision 2 of section 296 of the Tax Law, providing for refunds in such cases, as amended by chapter 661 of the Laws of 1940, states in part: '' Interest on such amount  *  *  * shall be paid only from the date that application for audit and allowance shall have been duly made to the proper fiscal officer.'' Special Term has held that service of the order containing the provision above quoted amounted to an application for audit and allowance of the interest.

Appellants call attention to section 93c–1.0 of the Administrative Code, which provides: '' The comptroller shall prescribe the manner in which all salaries shall be drawn, and the mode by which all creditors, officers and employees of the city shall be paid.'' It appears that the established forms of proof call for receipted tax bills, cancelled vouchers, and a statement under oath of facts showing that no other party is entitled to

the refund. Only the last requirement need be considered here.

Some assistance in solving the problem of deciding whether service of the order alone is a sufficient demand, is furnished by the construction which this court has placed upon subdivision 3 of section 296 of the Tax Law which contains a limitation that " Application to the proper officer for the audit and allowance of such moneys must be made by the petitioner or other person paying such tax within three years after the entry of the final order ordering or adjudging or determining such assessment to have been illegal, erroneous or unequal　*　*　*." In *Matter of Valhalla Corp.* v. *McGoldrick* (259 App. Div. 812) this court affirmed an order denying a refund of taxes on the ground that no application for audit and allowance of the refund had been made within three years after entry of the order reducing the assessment. A copy of the order reducing the assessment and, in terms, directing a refund had been served, but Special Term stated in making the order which we affirmed: " The mere service of the order reducing the assessment cannot be construed as, such an application."

The *Valhalla Corp.* case (*supra*) is in point here, notwithstanding that there, under the statute, an application for audit and allowance of the claim to a refund of taxes was necessary to prevent its being barred by the Statute of Limitations, whereas here it is required to start the interest running. In either instance service of the order is not enough, by itself, to constitute an application for audit and allowance. Tax certiorari proceedings deal only with the question of valuation (*People ex rel. Ambroad Equities, Inc.,* v. *Miller,* 289 N. Y. 339). The name of the owner is not part of the assessment roll, and an error in stating his name is not sufficient to impair the validity of an assessment (Tax Law, § 55-a; *Matter of Becraft* v. *Strobel,* 158 Misc. 844). In *People ex rel. Ambroad Equities, Inc.,* v. *Miller* (*supra*) the question arose whether one to whom real estate had been conveyed subsequent to the levy of the tax and the institution of a certiorari proceeding could continue the proceeding in the name of the former owner. The Court of Appeals held that the new owner could do so, even though not a party by name to the proceeding, stating (p. 342):

" We are told, however, that even without such express provision in the statute the proceedings must under such circumstances be dismissed because the petitioner has no longer any interest in the refund, and the person having such interest is not a party to the litigation. We do not agree with that contention.

"In certiorari proceedings only the question whether the tax assessment is valid can be litigated. If the assessment is vacated or reduced after the tax has been paid, refund must be made to the person entitled thereto. Even where the final order in a certiorari proceeding directs that the refund should be paid to one of the parties to the proceedings, other parties to that proceeding may thereafter show a superior equitable right to a refund. (*People ex rel. 1220 Madison Ave. Corp.* v. *Miller,* 287 N. Y. 685.) We express no opinion upon the question whether or not the appellant may be able to show a right to the refund. If there is dispute whether the appellant or some other person is entitled to it, that dispute must be decided in appropriate proceedings in the Supreme Court, to which all interested persons are parties.''

That decision indicates that the order reducing an assessment, even though it provides that a refund shall be made to one of the parties to the proceeding, does not establish the right of such party thereto, which may be contested in subsequent appropriate proceedings in the Supreme Court. Since such an order does not establish who paid the tax or who is entitled to the refund, this shows the necessity for the presentation to the city comptroller of a declaration under oath of facts showing that no other party is entitled to the refund. That, as has been stated above, is required by the rules of the comptroller prescribed under authority of section 93c-1.0 of the Administrative Code, and is a necessary part of an application for audit and allowance so as to set the interest running.

*People ex rel. 270 Park Ave. Corp.* v. *Sexton* (59 N. Y. S. 2d 606, affd. 268 App. Div. 975, affd. 295 N. Y. 589) did not present the question whether service of an order reducing an assessment was in itself sufficient to constitute an application for audit and allowance of a refund. The need for a declaration under oath of facts showing the applicant to be entitled to the refund does not appear to have been considered.

The order appealed from should be reversed, with costs and the relator's motion to add interest should be denied.

DORE, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion denied.