John J. Fries, Respondent, v. Richard C. Bray et al., Appellants.

Fourth Department, October 5, 1951.

*Harry M. Brown* and *J. Milford Newman* for appellants.

*Jeremiah J. Moriarty* for respondent.

Vaughan, J. This is an appeal in a mechanic's lien foreclosure action from an order which grants the motion of the plaintiff to amend the notice of mechanic's lien *nunc pro tunc* and denies defendants' motion to dismiss plaintiff's lien made at the close of the plaintiff's case upon the ground that the lien is defective in that it is not verified as required by subdivision 7 of section 9 of the Lien Law.

Section 9 of the Lien Law lists the " *Contents of notice of lien* " and paragraph 7 of that section requires that the " notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true."

Section 12-a of the Lien Law (as added by L. 1932, ch. 627) allows the court " In a proper case " to make an order amending a notice of lien *nunc pro tunc*. However, no amendment shall be granted " to the prejudice of an existing lienor, mortgagee or purchaser in good faith * * *."

The question presented is whether the court may allow an amendment to correct a notice of lien where the lien was signed by the lienor, but the affidavit of verification was unsigned although the lienor's name was set forth therein and the jurat at the end of the verification was signed by a notary public.

The problem posed for determination requires that we should also keep in mind section 23 of the Lien Law which requires a liberal construction of the provisions of that law '' to secure the beneficial interests and purposes thereof '', and which further provides that '' A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.''

The authorities, prior to the enactment of section 12-a of the Lien Law, indicate that a failure of the lienor to subscribe to the verification is a fatal defect (*Kingston* v. *M. S. Constr. Corp.,* 249 N. Y. 533 [1928]; *Ponsrok* v. *City of Yonkers,* 254 N. Y. 91 [1930]). The latter case holds that the absence of the signature to the verification is a defect of substance and is fatal under the requirement of the Second Class Cities Law, which provides that a city shall not be liable in a civil action for damages to persons and property unless a claim therefor in writing, verified by the oath of the claimant, shall be presented as therein indicated.

In the *Matter of Passero & Sons, Inc.* (237 App. Div. 638 [4th Dept., 1933]) the court considered this same statute (Lien Law, § 9) which requires the notice of lien to be verified and to be verified in a particular manner. No written form of verification was attached to the notice. The court held the notice defective and refused to consider the possible application of section 12-a on the ground that the section was not added to the Lien Law until after the notice of lien was filed and after the time to file a lien had expired.

In *Mozarsky* v. *Whinston Bros., Inc.* (228 App. Div. 642 [2d Dept., 1929], affd. 254 N. Y. 552) the Appellate Division affirmed an order canceling a notice of lien on the ground that the verification was not signed, relying upon the *Kingston* case (249 N. Y. 533, *supra*).

On the same day that the *Mozarsky* case was decided, the same court decided the *Ponsrok* case (228 App. Div. 642). That case, as already pointed out, involved the Second Class Cities Law. The Appellate Division granted judgment on the pleadings in favor of the defendant on the ground that the verification was insufficient. The court said: '' It is our conclusion that the Court of Appeals meant to hold that there cannot be a verifica-

tion without signature." The *Ponsrok* case was affirmed by the Court of Appeals (254 N. Y. 91, *supra*).

Of significance is the fact that when the *Mozarsky* case reached the Court of Appeals, it was affirmed (254 N. Y. 552) on the authority of the *Ponsrok* case, thereby treating the verification required by the Lien Law on the same basis as a verification required by the Second Class Cities Law, with the result that a failure to subscribe the verification of a notice of lien was no verification at all.

In New York Law of Mechanics' Liens, the author, Eugene Blanc, Jr., at pages 242–244, in discussing section 12-a of the Lien Law, makes this observation: " The section presupposes the existence of a valid lien, for it cannot give the power to construct a valid lien out of a fatally defective notice * * * " (citing *Matter of Teicher, Inc.* v. *Gold,* 239 App. Div. 285). (See, also, *Dwelle-Kaiser Co.* v. *Frid,* 139 Misc. 83, 89, and *Hurd Bros.* v. *Day Constr. Co.,* 146 Misc. 103, 111.)

We find no adjudicated case and none has been called to our attention since the enactment of section 12-a permitting amendment of notice of lien where the verification was not signed by the lienor. The cases relied upon by the plaintiff we believe are distinguishable and of little or no assistance in the solution of our problem.

*People ex rel. New York City Omnibus Corp.* v. *Miller* (282 N. Y. 5 [1939]) holding that a petition for a writ of certiorari, in which the petitioner failed to sign the verification may be amended, does not hold contrary to the *Ponsrok* decision. True, it holds that the *Ponsrok* decision is not controlling in a tax certiorari proceeding. However, it does not overrule the *Ponsrok* case, but simply confines it to its facts.

In the *Matter of Levine* (*Town of Fallsburgh*) (287 N. Y. 243, 246) the court, in construing section 197 of the Highway Law, which provides that a person claiming damages from a change of grade of a town highway " must present to the town board * * * a verified claim therefor ", points out that " A conventional affidavit of verification of a pleading would be out of place on an instrument of demand so called for. (Cf. Court of Claims Act, § 11; Lien Law, § 9 [Cons. Laws, ch. 33]; Second Class Cities Law, § 244 [Cons. Laws, ch. 53].) " The claim filed in affidavit form and sworn to before a notary public was approved by the court. We have no such situation in the instant case.

In the *Matter of Wilaka Constr. Co.* (166 Misc. 185, affd. 253 App. Div. 711) upon which plaintiff lays stress, the notice of

lien was filed in the names of the Offenberg Const. Corp. and the Offenberg Brick Corp., but was verified by Otto Offenberg as "claimant" individually. The Special Term, New York County, SHIENTAG, J., presiding, denied a motion made to discharge the lien. Upon appeal, the Appellate Division, First Department, affirmed the order of the Special Term (253 App. Div. 711). Motion for leave to appeal to the Court of Appeals was thereafter denied (253 App. Div. 796). There was no opinion in the Appellate Division.

The Special Term on the occasion of the denial of the motion, said: "Motion to discharge the notice of mechanic's lien is denied. The notice is not to be treated as one to which no verification has been attached or in which no signature appears. (*Matter of Passero & Sons, Inc.*, 237 App. Div. 638; *Mozarsky* v. *Whinston Bros., Inc.*, 254 N. Y. 552; *Kingston* v. *M. S. Const. Corp.*, 249 [N. Y.] 533), but rather as one in which the verification is defective. In such a situation the court will not dismiss an otherwise valid lien. (*Matter of Core Joint Concrete Pipe Corp.* v. *Paino Bros., Inc.*, 285 N. Y. Supp. 706; 247 App. Div. 746.) It is to be remembered that the Legislature has declared that the Lien Law ' is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same. (Lien Law, sec. 23.) ' (*Gates & Co.* v. *Nat. Fair & Exposition Assn.*, 225 N. Y. 142, 155, 157.) " This case is not an authority sustaining plaintiff's contention.

We reach the conclusion that the lienor's failure to sign the verification constituted a defect of substance not subject to amendment under section 12-a of the Lien Law, and that the learned Official Referee was in error in permitting the amendment of the lien *nunc pro tunc* and in denying defendants' motion to dismiss the lien.

All concur, except KIMBALL and WHEELER, JJ., who dissent and vote for affirmance, in the following memorandum: The notice of lien was signed by the lienor. There was a proper form of verification. It appears, without contradiction, both by virtue of the jurat and the affidavits that the lienor did in fact swear to the truth of the contents of the lien. Only one thing was lacking, that being the signature of the lienor at the bottom of the verification. Conceding that the verification was defective for want of the signature, it seems to us that such defect may be cured by amendment *nunc pro tunc* on proper application, where no prejudice ensues to a lienor, mortgagee or purchaser

in good faith. We think it was the purpose of the Legislature, by the enactment of section 12-a of the Lien Law, to permit just such an amendment and that such amendment carries out the liberal policy of the Legislature embodied in section 23 of the Lien Law. Cases decided prior to the effective date of section 12-a are no longer controlling.

Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order reversed on the law, with $10 costs and disbursements and plaintiff's motion to amend his notice of mechanic's lien *nunc pro tunc* denied and defendants' motion to dismiss the lien granted, with $10 costs.