In the Matter of ALEXANDER TEITLER, Respondent, against McDERMOTT & McDONALD, Appellant.— In a proceeding by an assignee of moneys unpaid to a general contractor, for work on a public improvement, the assignee's motion to cancel and discharge appellant's notice of mechanic's lien was granted on the ground that the notice is void in that the verification form is not subscribed by appellant. Appellant's signature appears at the end of the body of the notice, immediately before the language of the verification form which contains appellant's name and the notary's signature. Order reversed on the law, with $10 costs and disbursements, motion denied, without costs, and petition dismissed. In our opinion, the defect in the verification form is subject to amendment on application by appellant under section 12-a of the Lien Law. The cases to the contrary cited in the majority opinion in *Fries* v. *Bray* (279 App. Div. 8) were decided prior to the enactment of section 12-a by chapter 627 of the Laws of 1932. The notice as filed complies in substance with section 12 of the Lien Law, gives adequate notice of the lienor's claim; and the right to assert the lien is not to be destroyed by an amendable defect. Adel, MacCrate, Schmidt and Beldock, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: The failure to sign the verification constituted a defect of substance, not subject to amendment under section 12-a of the Lien Law. (*Kingston* v. *M. S. Constr. Corp.*, 249 N. Y. 533; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Mozarsky* v. *Whinston Bros.*, 228 App. Div. 642, affd. 254 N. Y. 552; *Fries* v. *Bray*, 279 App. Div. 8.) Section 12-a may not be construed as giving the court power to construct a valid lien out of a defective notice. (*Matter of Frank Teicher, Inc.*, v. *Gold*, 239 App. Div. 285; *Toop* v. *Smith*, 181 N. Y. 283, 289.)