In the Matter of BERNARD BERKLEY et al., Petitioners, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, January 28, 1954.

*Adolf & Belous* for petitioners.

*Adrian P. Burke, Corporation Counsel* (*Morris Handel* and *William A. Marks* of counsel), for respondents.

RITCHIE, J. This is a motion by the petitioners in a proceeding to review the tax assessments upon the petitioners' real estate located in the city of New York for the years 1952–53 and 1953–54, for an order permitting the petitioners to serve and file *nunc pro tunc* a power of attorney in connection with the application for the correction of assessments on real estate heretofore filed by petitioners.

Before March 15, 1953, the date prescribed by the New York City Charter for filing of applications for the correction of assessments, petitioners filed such applications by their attorney in fact. The attorney in fact signed the applications but no power of attorney was filed therewith as provided by section 163 of the City Charter which reads in pertinent part as follows: " that if the application is signed by someone other

than the person * * * claiming to be aggrieved the application must be accompanied by a duly executed power of attorney as prescribed.'' The issue is whether the omission to file the power of attorney is so fatally defective as to deprive the court of jurisdiction to entertain the proceeding to review. Our attention has not been called to any decision wherein the precise question has been dealt with. If the defect is less than jurisdictional, the court would feel constrained to hold that the Tax Commission has not been prejudiced and that in view of the fact that " The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality " this application should be granted. (*People ex rel. Denney* v. *Clark,* 257 App. Div. 905.)

In the case of *People ex rel. N. Y. City Omnibus Corp.* v. *Miller* (282 N. Y. 5), the Court of Appeals held that a petition for a writ of certiorari to review a tax assessment should not be dismissed for want of jurisdiction upon the ground that the president of the applicant had failed to sign the verification, holding that such defect, not being jurisdictional, could be remedied on motion. In that case the Court of Appeals distinguished the case of *Ponsrok* v. *City of Yonkers* (254 N. Y. 91), which had decided that failure to sign a verification in a case involving a claim against the city, was fatal to the proceeding. The court pointed out that the *Ponsrok* case referred to a claim filed against the city and was not an authority to be followed in connection with a petition for a writ to review a tax assessment. With this liberal view this court has no quarrel. Nor is the court unmindful of the salutary provisions of section 105 of the Civil Practice Act wherein provision is made for the correction of errors, omissions and defects at any stage of a proceeding in the sound discretion of the court. The difficulty of applying the rule in this case lies in the fact that this motion is not directed to a defect in the proceeding to review the tax assessment pursuant to section 290 *et seq.* of the Tax Law, but is directed to an omission occurring prior to the commencement of this proceeding, being an omission in connection with the mandatory provisions of the City Charter as to requirements for applying for correction of assessments. That this requirement is mandatory is clear from a reading of the statute. The purpose of the provision is equally clear. In enunciating the procedural requirements for a valid application, the city was clearly within its

rights and failure to comply in all respects with those requirements resulted in a situation where no application was filed which the Tax Commission was obliged to recognize.

The fact that the Tax Commission or the city may not have been prejudiced is immaterial. It was entitled to have the petitioners comply with the statute and the court may not exercise its powers and dispense with the statutory requirements on the principle of abstract justice fitting the particular facts of the case *sub judice*. I hold that the failure to file the power of attorney was jurisdictional and accordingly the motion is in all respects denied.