James W. Batley, J.
This is an application for an order to discharge a mechanic’s lien upon the ground that the property is not sufficiently described in the notice of lien. The notice of lien was filed October 28, 1957, and describes the property situated as follows: “in the Town of Yorktown, County of "Westchester, State of New York and is located on the East side of Crompound Street, also known as Route 132, between Routes 6 and 202 and commonly described as ‘ Georgian Estates ’ ”. The owner of the property when the lien was filed *275 and as stated in the lien was “ Alge Realty Corp.”. The said owner conveyed the premises to the petitioner herein by deed dated November 8,1957.
The Lien Law (§ 9) requires that the notice of lien shall state the property subject to the lien, “with a description thereof sufficient for identification ’ ’; and section 23 of the statute provides that the law “is to be construed liberally to secure the beneficial interests and purposes thereof. ’ ’ All that is required is a description which identifies the property and a substantial compliance with the provisions of the statute is sufficient to provide jurisdiction to the courts to enforce it. (Fries v. Bray, 279 App. Div. 8; Jannotta v. Noslac Realty Corp., 231 App. Div. 864.)
The description in the deed by which petitioner acquired the property is included in the petition herein and describes the property as situate in the town of Yorktown, Westchester County, “ as shown on a certain entitled map of Georgian Estates # * * and filed in the office of the County Clerk, Division of Land Records on July 6,1956.”
It appears from the foregoing that there has been a substantial compliance with the requirements of the statute and that the property is readily identifiable by the description contained in the notice of lien.
The application is denied.