Henry J. Latham, J.
On May 19,1945, petitioner, as tenant, and John H. Brinckerhoff, and others, executed a lease for a one-story building and basement located in Jamaica. By the terms of this lease the tenant covenanted to pay, in addition to the rent fixed therein, all taxes which may be levied against the said premises, and said tenant was given the right to review by legal proceedings any such taxes or similar charges which may be imposed upon or against said premises.
The tenant paid the taxes which were levied against the premises for the tax year 1957-1958 and for the first half of the tax year 1958-1959. Thereafter it instituted proceedings to review the assessed valuations. A final order was made on April 15, 1959, reducing by settlement such valuations and directing the return to petitioner of $4,685.32, the amount of taxes paid by it in excess of what the taxes would have been had the assessment been made as determined by the order.
On April 1, 1959, there became due to the City of New York taxes on the property occupied by the petitioner totaling $10,557.60. It refused to pay the same upon the ground that its lease was to expire on May 19, 1959. In the interim, on April 30, 1959, the premises were sold by the landlords, John H. Brinckerhoff et al. to Jamaica Savings Bank, at which time a deposit was made by the sellers with the title company of the sum of $7,038.40, representing the proportionate share of taxes due from the sellers, which sum was to be held by the title company in escrow, • pending the payment of the taxes by the petitioner.
On May 4, 1959, petitioner’s former landlords commenced an action against it to recover the taxes which allegedly should have been paid by petitioner as covenanted in its aforesaid lease. This action is now at issue and pending undetermined.
*639 The petitioner has now moved for an order directing the City of New York to pay to it the amount of the refund. Its landlord John H. Brinekerhoff and the Corporation Counsel of the City of New York have interposed affidavits in opposition. Petitioner contends, however, that the refund is its property and the landlords have no lien thereon; that in the absence of an attachment or execution under a judgment said landlords are not entitled to receive payment of their disputed claim.
It has been held, however, that the rights of persons not parties to certiorari proceedings to receive refunds may be subsequently asserted, although the order terminating the certiorari proceedings directed payment to the petitioner therein. (People ex rel. Ottley Associates Corp. v. Lilly, 274 App. Div. 619.) In case there is a dispute whether the petitioner in the certiorari proceeding or some other person is entitled to the refund “ that dispute must be decided in appropriate proceedings in the Supreme Court, to which all interested persons are parties.” (People ex rel. Ambroa Equities v. Miller, 289 N. Y. 339, 342.)
The primary obligation for the payment of taxes to the City of New York is, of course, imposed upon the owners of the real property. When a tenant covenants to pay such taxes as additional rent, such payment is made as agent for the owner. Consequently, the refund of excess payments theoretically, at least, should be made to the owner even though the latter owes a duty to turn over this refund to the tenant who made actual payment, in the absence of any counterclaim or offset.
Since the former owners herein have asserted such a claim, the court is of the opinion that the right to the refund should not be disposed of until such claim has been adjudicated. Accordingly the instant application is denied with leave to renew after the pending action between the former owners and petitioner has been disposed of. At such time the court will be in a position to direct payment of the refund, or any part thereof, to. the party or parties entitled thereto.
Settle order.