■ In the Matter of RENA SULZBERGER et al., Respondents, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellants.— Judgment entered July 10, 1967, reducing assessments on real property, unanimously modified, on the law, to the extent of dismissing the petitions for the years 1961–62 and 1962–63, and, as so modified, affirmed, without costs and without disbursements. The record substantiates the reductions of the assessments for the years 1963–66.

The property involved occupies a plot 75 by 100.8 on the north side of 89th Street, 100 feet east of West End Avenue, in the Borough of Manhattan. The building is 55 years old. The average annual net return on the assessments as reduced by Special Term, considering the declining character of the neighborhood, is reasonable. We would affirm the reductions for the years 1961–62 and 1962–63 were it not for the defect in respect of the applications for those years. The applications filed for those years fail to comply with section 163 of the New York City Charter. The requirement is mandatory that an application for a review of real estate assessments, if signed by someone other than the person claimed to be aggrieved, must be accompanied by a power of attorney. Failure to comply therewith renders the applications defective. (*Matter of Berkley* v. *Boyland*, 205 Misc. 264; *Matter of Miller* v. *Tax Comrs.*, N. Y. L. J., March 7, 1955, p. 8, col. 2; *Matter of De Vellier* v. *Tax Comrs.*, N. Y. L. J., March 2, 1959, p. 13, col. 1.) The instant applications were executed by the attorney in fact of the owners. However, the power of attorney did not accompany the applications. *People ex rel. Luxemburg Realty Corp.* v. *Miller* (289 N. Y. 710) and *People ex rel. Anbroad Equities* v. *Miller* (289 N. Y. 339) dealt with the scope of "aggrieved" persons entitled to apply for relief from over-assessments. Here, it is not claimed that the attorney-in-fact is the one aggrieved. The defect is that the written authority to make the application for and in behalf of the owners is not part of the application as the statute mandates. It does not appear that respondent waived the defect assuming it could be waived. (See *Matter of Delaware, Lackawanna & Western R. R. Co.* v. *Assessors of City of Binghamton*, 12 A D 2d 852; *Matter of McLean's Stores* v. *Commissioner of Assessment of City of Binghamton*, 2 A D 2d 98.) The applications were not processed on the merits. No recommendation was made in respect to the application for the year 1961–62. It was marked "Def" by the Commissioner and so approved by the Tax Commission. Similarly the application for the year 1962–63 was stamped "Defective Reason: no power of attorney" over the signature of the Commissioner. We do not reach the question whether the defect may be waived, since no basis for a waiver appears. The statute mandates written authority accompany the application if signed by one other than the aggrieved person; respondent insisted upon compliance and petitioners failed to comply. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.