OPINION OF THE COURT
Victor J. Orgera, J.
This is an action wherein the complaint sounds in the nature of medical malpractice. The matter comes on before the court on the motion of defendant for an order precluding the plaintiff from introducing any evidence at the time of trial “of any similar act or acts on the part of the deceased physician defendant in an endeavor to establish a claim of some common scheme or plan, to establish the lack of due care or negligence in the within action”; and a cross motion by plaintiffs for an order permitting the introduction of evidence upon the trial, of a common scheme or plan, or collateral acts performed under the same common scheme or plan.
The court has been informed that there are approximately one dozen other cases presently pending against Dr. Ashkenazy’s estate and that at least in some of them, similar allegations are made by plaintiffs as to a lack of indications for surgery, and the actual performance of surgeries involved. Both counsel are in agreement that the instant case will take somewhere between four to eight weeks to try and involves a large number of witnesses and *275 much expense on both sides. This has led to a decision by them to approach the court in advance of trial for a determination of this evidentiary question so as to avoid the possibility of an error in ruling and the subsequent need for a retrial in the event of reversal of the ruling by an appellate court.
While this address to the court is perhaps unorthodox in that, in a sense, it would seek an advisory opinion, it is nevertheless founded on good reason and one which could save all concerned great time and expense and possible inconsistent rulings. Accordingly, the motion and cross motion will be decided at this time, and, in the event an appeal is pursued from the order to be entered herein, consent will be granted for such appeal, if necessary under CPLR 5701. There is, of course, no presumption here to encroach upon the discretion of the Appellate Division in its acceptance or rejection of an appeal brought about under such circumstances.
Christine Cotgreave was operated on by Dr. Ashkenazy in 1972 whereby a lumbar laminectomy was performed upon her. Another operation, this time for a cervical laminectomy, was done in 1974, also by the said doctor.
That part of plaintiffs’ causes of action which are pertinent on this motion as amplified by their bill of particulars, alleges that these operations were unnecessarily performed and surgery was contraindicated. It is plaintiffs’ contention that Dr. Ashkenazy performed numerous surgical operations on patients other than this immediate plaintiff and that such operations were also unnecessary and contraindicated. They propose, therefore, to introduce evidence concerning these other operations to establish a common scheme or plan on Dr. Ashkenazy’s part.
Defendant claims that to permit the introduction of such evidence of prior incidents would transgress the well-established rule in this State that it is inadmissible for the purpose of showing that “A” did a particular thing at one time to prove that he did a similar thing at another time.
The citations of authority by defendant run, for the most part, to situations involving negligence wherein it is the general rule that prior acts will not be admissible as *276 evidence of a present one. The other references to authority do not concern instances of a common scheme or plan. The McLoghlin v National Mohawk Val. Bank case (139 NY 514) involved a claim for unpaid interest against a bank on a showing of interest payments on other accounts held with it and other banks. The Court of Appeals noted that the defendant bank had specifically abrogated interest. No common scheme or plan was evidenced. Evidence as to interest on accounts with other banks was excluded. In the instant case, the only acts involved are those of defendant, not of others.
The position of plaintiffs herein is that, while some malpractice cases are based on negligence or partially thereon, they can also be based, as in this present instance, on intentional conduct.
Here, plaintiffs contend, departure from proper standards was intentional, to wit: the operating on a patient who did not need the operation and the doctor knowing that he did not need it. Malpractice, therefore, does not necessarily bespeak negligence, contrary to defendant’s view. The complaint alleges that defendant was negligent and guilty of malpractice in that he failed to render care in accordance with the accepted standards of medical care, and the bill of particulars alleges lack of conformity to standards and the performance of unnecessary and contraindicated surgery. That part of the causes of action relied upon to permit the introduction of prior acts relates to a malpractice without negligence. This is not a case where an X ray was misread or a condition not diagnosed properly, assert the plaintiffs, rather, Dr. Ashkenazy intentionally performed unnecessary surgery and did it pursuant to a common scheme or plan.
Richardson (Evidence [10th ed], § 184, p 153), after affirming the general rule against the introduction of similar acts on another unrelated occasion, goes on to state: “But this rule does not exclude evidence of the collateral act if the act has relevancy to the issue beyond the fact of mere similarity. Thus, in an action to recover damages for fraud, for the purpose of showing scienter, evidence of other and ‘contemporaneous’ transactions of a similar character perpetrated by the defendant is admissi *277 ble. * * * So, too, if the collateral act is so connected with the act in issue that each forms part of a common scheme or plan, evidence of the collateral act is competent.”
The recent Court of Appeals case of Halloran v Virginia Chems. (41 NY2d 386, 392) recited the following words: “Proof of a deliberate repetitive practice by one in complete control of the circumstances is quite another matter and it should therefore be admissible because it is so highly probative.”
The court (pp 391-392), prior to that statement, had just discussed the general rule against allowing evidence of specific acts of carelessness or carefulness to create an inference that such conduct was repeated when like circumstances were again presented, but it went on to say: “Whether a carry-over from the prohibition against using so-called ‘character’ evidence in civil cases, or grounded on the assumption that even repeated instances of negligence or care do not sufficiently increase the probability of like conduct on a particular occasion, the statement that evidence of habit or regular usage is never admissible to establish negligence is too broad”.
This expression of our highest court indicates an erosion even in negligence cases of the principle against introducing prior acts.
In People v Duffy (212 NY 57, 66) the Court of Appeals stated that the law: “permits proof of a plan or scheme to commit a series of crimes including the one for which the accused is being tried, and as tending to show the existence of such plan or scheme it allows testimony of the commission of crimes other than the one charged, but so related in character, time and place of commission as to tend to support the conclusion that there was a plan or system which embraced both them and the crime which is charged.”
To the same effect is People v Molineux (168 NY 264).
Referring to the above rule, Altman v Ozdoba (237 NY 218, 224) reads: “The rule is by no means confined to criminal cases.”
The court is of the opinion that plaintiffs should be allowed to introduce evidence of prior operations on per *278 sons other than plaintiff, by Dr. Ashkenazy for the purpose of proving a common plan or scheme to perform unnecessary and contraindicated surgery on plaintiff Christine Cotgreave. Whether or not plaintiffs will be able to prove such contention is another matter but the opportunity should be afforded them on the basis of the law as it presently stands in this State.
Defendant has urged that prejudice to it by the admission of such testimony would far outweigh any probative value and should be excluded on this ground also. Such an argument loses its force where the right to introduce such testimony exists. All evidence contrary to the interests of a party against whom it is offered is prejudicial to him or her. As plaintiffs’ attorney has stated, defendant cannot hide behind the word “prejudice” to avoid a showing of common scheme or plan. The jury, following the trial, wherein the subject evidence is introduced, will either conclude that the desired effect has been achieved or not. If not, there is no prejudice. If yes, prejudice is warranted.
It is considered that this decision in no way conflicts with the general rule against evidence of prior acts.