## Marini v. K-Mart Corporation

*Lawrence A. Goldberg*, for plaintiff.
*Joel D. Gusky*, for defendant.

GAWTHROP, *J.*, March 1, 1982—We have before us plaintiff's motion to overrule defendant's objection to plaintiff's supplemental interrogatory no. 4, which read as follows:

4. Has suit ever been brought against you by any person you had arrested for shoplifting at the Exton, Pennsylvania store in the past five (5) years?

Defendant objects to this interrogatory as being

irrelevant and immaterial to the instant litigation and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Pa.R.C.P. 4003.

The complaint of Anthony J. Marini (Marini) alleges that he was falsely accused of retail theft and detained by a K-Mart Corporation (K-Mart), security guard, and that thereafter K-Mart filed a criminal complaint against Marini, but the witness failed to appear at the hearing. Asserting that the charges were filed maliciously, that the failure of the security guard to appear at the hearing was not happenstance, but an intentional perversion of the criminal process, and that he was falsely arrested, Marini seeks damages, both compensatory and punitive.

K-Mart argues that whether others have sued it on similar causes of action can have no relevance to this case. K-Mart also objects to the five-year span of the requested discovery, arguing that the time period is too lengthy and that any such suits brought after the incident complained of cannot be relevant to this action. Counsel for Marini readily concedes that the interrogatory at issue would not of itself elicit admissible evidence, that the answer to that particular question would not be admissible. He argues, however, that it could well lead to other evidence, which would be admissible, upon a theory of showing a malicious and reckless course of conduct by K-Mart supporting Marini's claim for punitive damages. Counsel maintains that if K-Mart has over the past several years regularly detained shoppers and charged them with retail theft while failing to appear for the preliminary hearing, it would be evidence of a malicious, intentional, and outrageous policy of abusing process. In support of his position, Marini cites the Restate-

ment, 2d Torts, §908, which deals with punitive damages. Comment e to the section states in part:

Another factor that may affect the amount of punitive damages is the existence of multiple claims by numerous persons affected by the wrongdoer's conduct. It seems appropriate to take into consideration both the punitive damages that have been awarded in prior suits and those that may be granted in the future, with greater weight being given to the prior awards.

Counsel for K-Mart correctly points out that Pennsylvania has adopted the rule of punitive damages as set forth in §908 of the Restatement of Torts and its comments. Chambers v. Montgomery, 411 Pa. 339, 344, 192 A. 2d 355 (1963); Focht v. Rabada, 217 Pa. Superior Ct. 35, 38, 268 A. 2d 157 (1970). The part of Comment e of the revised section quoted above is new. We believe, however, that it is a logical extension of the prior comment and thus find it applicable here.

The comment to §908 calls to mind the rule governing admissibility of other crimes in criminal actions. Evidence of other crimes may be admitted to show a motive, Com. v. Glass, 486 Pa. 334, 342, 405 A. 2d 1236 (1979), Com. v. Roman, 465 Pa. 515, 524, 351 A. 2d 214 (1976), lack of accident, Com. v. Styles, 494 Pa. 524, 431 A. 2d 978, 980 (1981), custom, habit or usage, Com. v. Schwartz, 445 Pa. 515, 285 A. 2d 154 (1971) or a common scheme, plan, or design, Com. v. Shively, 492 Pa. 411, 424 A. 2d 1257 (1981).

In our neighbor state, New York, the rule is by no means confined to criminal cases. In Cotgreave v. Public Administration of Imperial County, 11 Misc. 2d 274, 443 N.Y.S. 2d 971 1981, a medical malpractice action, plaintiff argued that defendant doctor had twice intentionally performed surgery on Cotgreave which was unnecessary and contra-

indicated. Relying upon various New York appellate authorities, the trial court ruled that evidence of other allegedly unnecessary and contraindicated operations performed by the doctor was admissible to show a common scheme or plan by the doctor intentionally to render care which was not in accord with accepted medical practice. The court was aware that at least in some of a dozen other actions pending against the doctor there were similar allegations of unnecessary and contraindicated surgery.

The evidence which Marini here seeks to discover through the contested interrogatory is closely analogous to that in Cotgreave. Discovery of claims by K-Mart customers detained by that defendant's private constabulary may lead to evidence of an intentional course of conduct, or plan, by K-Mart to bring false criminal charges with intent not to follow through, but merely to subject the accused to the embarrassment, distress, and, perhaps, expense, attendant to being a criminal defendant, until the unprosecuted case just peters out. We believe that the evidence ultimately sought* can cast some significant insight on the difficult issue of whether the failure of defendant's employee, the necessary witness, to appear at the hearing was accidental oversight, or was a planned part of some scheme. We recall that "[r]elevant evidence . . . is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible. . . ." Com. v. McCusker, 448 Pa. 382, 388, 292 A. 2d 286 (1972). We find that this information is discoverable as reasonably calculated to

---

*We observe that Pa.R.C.P. 4003.1, Scope of Discovery Generally, states pertinently: "It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

lead to admissible evidence of an intentional, malicious course of conduct, or plan, by K-Mart, falsely to arrest K-Mart patrons and thereby pervert the purpose of legal process.

Counsel for K-Mart has asserted that the number of years for which discovery is sought is unreasonable, without citing any specific authority to support this position, and without telling us any factual specifics as to how the clerical task of winnowing out prior similar K-Mart lawsuits "would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or would require the making of an unreasonable investigation." See: Pa.R.C.P. 4011(b) and (e). Under the circumstances, we find the five-year period covered to be reasonable. As counsel points out, there is some ambiguity as to precisely what five years are intended to be covered, but we do not believe that this is a basis for denying the request altogether. Rather, we construe it as referring to the five years immediately preceding the filing of the interrogatory, which, of course, allows Marini to seek discovery of claims made both before and after the incident here at issue. We see no logical basis for distinguishing a subsequent occasion, both in view of the probative purpose of the inquiry, and also because we recognize that merely because suit was filed later, does not mean that the incident giving rise thereto did not occur before this incident.

## ORDER

And now, March 1, 1982, upon consideration of plaintiff's motion, and briefs and arguments of counsel, it is hereby ordered and decreed that defendant's objection to plaintiff's supplemental interrogatory no. 4 is overruled and defendant is directed to file a full and complete answer to the interrogatory within 20 days of the notice of this order.